Allen Hyman (California State Bar No. 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, CA 91602
Phone: (818) 763-6289
Fax: (818) 763-4676
E-mail: lawoffah@aol.com

Matthew F. Schwartz  * *Pro Hac Vice Application to be Filed*
SCHWARTZ, PONTERIO & LEVENSON, PLLC
134 West 29th Street, Suite 1006
New York, New York 10001
Phone: (212) 714-1200
Fax: (212) 714-1264
E-mail: mschwartz@splaw.us

Oren S. Giskan  * *Pro Hac Vice Application to be Filed*
GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street, 10th Floor
New York, New York 10004
Phone: (212) 847-8315
Fax: (646) 520-3237
E-mail: ogiskan@gslawny.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUR JAYS MUSIC COMPANY,<br><br>                    Plaintiff,<br><br>          v.<br><br>APPLE, INC., THE ORCHARD ENTERPRISES, INC., ORCHARD ENTERPRISES, NY, INC., and CLEOPATRA RECORDS, INC.,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

## Basis for Jurisdiction

1.     The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a) because this is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101, 106, 115, 501, 602 *et seq.*

1

**Introduction**

2.     Plaintiff is the legal and/or beneficial copyright owners of musical works authored by Harry Warren one of the premier composers of American music.

3.     Harry Warren wrote over 800 songs, including *At Last, Chattanooga Choo Choo, I Only Have Eyes for You, You Must Have Been a Beautiful Baby, Jeepers Creepers, The Gold Diggers' Song (We're in the Money), Lullaby of Broadway, You'll Never Know, On the Atchison, Topeka and the Santa Fe, That's Amore, Nagasaki, There Will Never Be Another You,* and *The More I See You.*

4.     A list of Plaintiff's copyrighted compositions at issue in this case is annexed as Exhibit A (the "Subject Compositions").

5.     The works of Warren have been recorded by the most prominent jazz and popular artists of all time, including Art Tatum, Benny Goodman, Billie Holliday, Cab Calloway, Charlie Parker, Coleman Hawkins, Count Basie, Dean Martin, Dizzy Gillespie, Duke Ellington, Ella Fitzgerald, Etta James, Frank Sinatra, Fred Astaire, John Coltrane, Judy Garland, Lena Horne, Louis Armstrong, Miles Davis, Ray Charles, and Sarah Vaughan to name only a few. These monumental works of art are, quite literally, national treasures.

6.     These and other recordings of Plaintiff's copyrighted musical works have been pirated by the Defendants in this case. Defendants are all players in the digital music business that participate in, and jointly profit from, making digital phonorecord deliveries (*i.e.*, downloads) of pirated recordings of the Subject Compositions.

7.     Digital phonorecord deliveries of musical recordings constitute a reproduction and distribution of the musical work embodied in the digital recording and require a negotiated license from the copyright owner of the musical composition, sometimes referred to as a "mechanical license."

8.     Defendants have failed to obtain any license that would authorize them to reproduce, distribute, or sell the recordings of the Subject Compositions identified

on Exhibit B and, as a result, Defendants have infringed Plaintiff's exclusive rights of reproduction and distribution of the Subject Compositions, under 17 U.S.C. §§ 106(1) and 106(3).

9.     Further, the activity of making digital phonorecord deliveries of pirated recordings of the Subject Compositions does not qualify for a compulsory license under Section 115 of the Copyright Act.

10.     A list of the pirated recordings of the Subject Compositions that Defendants have reproduced and distributed without authorization, including by making digital phonorecord deliveries, and various methods of reproduction and distribution, thus far identified, is set forth in the Infringement Chart annexed as Exhibit B.

11.     Plaintiff has thus far identified 98 pirated recordings of the Subject Compositions that have been separately reproduced and distributed as digital phonorecord deliveries by Defendants as set forth in the Infringement Chart annexed as Exhibit B. Defendants have infringed these works in a concerted and distinct distribution chain.

12.     To put this case in context, in 2007, Jammie Thomas-Rasset, a single mother of four in Brainerd, Minnesota, was found liable, after three separate jury trials, for copyright infringement for using file sharing software that enabled the unauthorized downloading and distribution of 24 recordings by the Goo Goo Dolls and Def Leppard, among others. The juries awarded statutory damages in all three trials of up to $80,000 per infringement. The Eighth Circuit Court of Appeals ultimately affirmed statutory damages in the amount of $9,250 for each infringed recording, for a total award of $222,000. Ms. Thomas-Rassett declared bankruptcy as she had "no other option."

13.     In 2009, Joel Tenenbaum, a Massachusetts college student, who also used file-sharing software that permitted others to download 30 recordings by Limp Bizkit and Blink-182, was found liable and the jury awarded statutory damages of

3

$22,500 per recording, for a judgment that totaled $675,000 forcing Mr. Tenenbaum to file for Chapter 7 bankruptcy.

14.     Unlike Ms. Thomas-Rassett and Mr. Tenenbaum who were not alleged to have sold their infringing recordings or profited from their conduct, Defendants in this case have engaged in massive music piracy operation for the purpose of generating profits from their sales of pirated recordings and by other means.

15.     The copyright infringement operation detailed in this Complaint is only the latest in a long line of piracy schemes that have plagued composers, publishers, and record labels since the inception of the music industry over 100 years ago, when the perforated rolls used by player pianos to perform musical works were pirated. See *Aeolian Co. v. Royal Music Co.*, 196 F. 926 (W.D.N.Y. 1912).

16.     As the technology employed by the music industry to reproduce musical works advanced, bootlegging efforts by music pirates kept pace. In the 1960s and 1970s, organized criminal enterprises engaged in record and tape piracy operations on a scale that is dwarfed by the infringing conduct explained herein. Like the Defendants in this case, the "tape pirates" and "record pirates" of years past unlawfully duplicated popular pre-existing recordings, and then claimed their liability was limited by the compulsory license provision of the 1909 Copyright Act, Section 1(e).

17.     The landmark case *Duchess Music Corp. v. Stern*, 458 F.2d 1305 (9th Cir. 1972) settled the issue as to whether tape pirates could limit their liability for piracy under the compulsory license provision of the 1909 Copyright Act. In *Duchess*, the defendant tape pirate engaged in the same conduct identified in this Complaint, and claimed her conduct was lawful because the compulsory license provision of the Copyright Act authorized the reproduction and distribution of the musical works embodied on the recordings she pirated. The Ninth Circuit rejected the argument, stating, "She may not continue her piracy under the flag of compulsory licensing." The *Duchess* court concluded that the tape pirates' activity was ineligible for a

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

compulsory license and that reproduction of a musical composition on a pirated recording infringed the copyright in the composition, even when a compulsory license was claimed.[1]

18.    The holding in *Duchess* was codified when the Copyright Act was revised in 1976. The statutory bar against compulsory licensing of pirated recordings continues in the recent amendments to Section 115 of the Copyright Act, which provides that reproduction and distribution of pirated sound recordings is an activity that is ineligible for a compulsory license.

19.    Defendants are nothing more than modern tape pirates flying the flag of compulsory licensing. Their conduct constitutes willful copyright infringement of the Subject Compositions in violation of the United States Copyright Act [17 U.S.C. §§ 101, 106, 115, 501, 602 *et seq.*] (the "Copyright Act").

## The Parties

### *Four Jays Music Company*

20.    Plaintiff Four Jays Music Company is a California corporation with a principal place of business at 421 E. 6th St. in Los Angeles, California.

### *Apple*

21.    Upon information and belief, Defendant Apple, Inc ("Apple") is a corporation organized under the laws of the State of California with a place of business at 1 Apple Park Way in Cupertino, California.

22.    Apple owns and operates the U.S. iTunes Store ("iTunes"), a digital music store that sells permanent downloads. iTunes opened in April 2003 and has

---

[1] The criminal conduct of "tape pirates" became a priority of the Attorney General of the United States, Edward H. Levi, in 1975 when the Justice Department determined that decisions reached by four Circuit Courts of Appeals, including the Ninth Circuit in *Duchess*, rendered tape pirates criminally liable even where the statutory royalty was tendered. See *Heilman v. Levi*, 391 F.Supp. 1106 (E.D.Wisc. 1975). Criminal copyright infringement sentences continue to this day. See *Matter of Zaragoza-Vaquero*, 26 I&N Dec. 814 (BIA 2016)(defendant sentenced to 33 months in prison and ordered to be removed from the United States for selling bootleg copies of music CDs at a Florida flea market, as a crime involving moral turpitude).

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

been the largest music vendor in the United States since April 2008 and the largest music vendor in the world since February 2010. As of January 2017, the iTunes Store offered between 35–40 million recordings for download.

23.   Apple specifically selected and contracted with Orchard to provide its digital music catalog to be sold in its iTunes store on negotiated financial terms.

24.   Apple reproduced and distributed pirated recordings of the Subject Compositions it received from Cleopatra and/or Orchard as permanent downlaods among other types of digital phonorecord deliveries.

*Orchard*

25.   Upon information and belief, Defendant The Orchard Enterprises, Inc. is a corporation organized under the laws of the State of Delaware with offices in New York and Los Angeles.

26.   Upon information and belief, Defendant Orchard Enterprises, NY, Inc. is a corporation organized under the laws of the State of New York with offices in New York and Los Angeles. Defendants The Orchard Enterprises, Inc. and Orchard Enterprises, NY, Inc. are united in interest and shall be referred to, individually and collectively, as "Orchard".

27.   Orchard engages in the distribution of digital music to the iTunes store, and upon infromation and belief, Orchard is iTunes largest distributor and has delivered several million recordings to iTunes for sale throughout the U.S..

28.   Orchard specifically selected and contracted with Cleopatra to provide its digital music catalog to be sold in Apple's iTunes store on negotiated financial terms.

29.   Orchard unlawfully reproduced and distributed the pirated recordings of the Subject Compositions and distributed them to Apple, at the directon of Cleopatra, and unlawfully authorized Apple's making of digital phonorecord deliveries in the iTunes store, at Cleopatra's direction, as specifically set forth  in Exhibit B.

*Cleopatra*

30.     Upon information and belief, Defendant Cleopatra Records, Inc. ("Cleopatra") is a business entity organized under the laws of the State of California with a place of business at 11041 Santa Monica Blvd, Los Angeles, CA.

31.     Cleopatra operates under many pirate label imprint names including Goldenlane Records, Magic Gold Records, Master Classics, Screenland Records, Soundtrack Classics, Stardust, Stereo Magic Records, and Vintage Masters Inc.

32.     Cleopatra has made pirated copies of recordings embodying the Subject Compositions, distributed them to Orchard and/or Apple, unlawfully authorized Orchard's distribution and delivery of the pirated recordings to Apple for sale in its iTunes store, and unlawfully authorized Orchard and Apple's making of digital phonorecord deliveries in Apple's iTunes store as specifically set forth in the annexed Exhibit B.

33.     Upon information and belief, Cleopatra has been one of the Apple's single largest record label source of digital recordings for its U.S. iTunes store, at times having been the record label responsible for as much as 1% of the entire iTunes catalog, with hundreds of thousands of recordings, outpacing even the major record labels.

34.     Upon information and belief, Cleopatra is simply duplicating recordings of the Subject Compositions made by others without permission and authorizing Orchard and Apple to sell reproductions of the pirated copies for profit in iTunes.

**Jurisdiction, Venue and Joinder**

35.     This Court has personal jurisdiction over Defendants because they are incorporated in California and/or have a principal place of business in this Judicial District and/or purposefully availed or directed their infringing activities in California. Cleopatra is a California corporation and has its principal place of business in this district. Apple is incorporated in California and has its principal offices in the state. The Orchard has offices in Los Angeles, California.

36.     Further, Plaintiff's copyright infringement claims arise out of (a) the reproduction and distribution of pirated recordings of the Subject Compositions listed in Exhibit B, occurring in California, by Defendants and their purposeful direction, including the sale of pirated recordings of Subject Compositions to California residents;   or   (b)   transactions   consummated   within   California   concerning reproduction, distribution and delivery of the pirated recordings of the Subject Compositions.

37.     Cleopatra pirated the recordings of the Subject Compositions in this judicial district and directed its distributor, Orchard, to distribute the pirated recordings to Apple for sale in its iTunes store.

38.     Orchard intentionally distributed and delivered the pirated recordings identified in Exhibit B to Apple and expressly aimed its infringing conduct at this jurisdiction by specifically selecting and consummating transactions with Cleopatra and Apple to reproduce and distribute pirated recordings of Subject Compositions. Orchard intentionally authorized Apple to reproduce the pirated recordings of the Subject Compositions in its iTunes store and to sell permanent downloads to California consumers.  Orchard and Cleopatra receive royalties and royalty statements for all of Apple's sales of permanent downloads of the pirated recordings of the Subject Compositions in the iTunes store.

39.     Apple reproduced the pirated recordings of the Subject Compositions and made available, distributed, and sold the pirated these pirated recordings to Californians in its iTunes store.

40.     Venue is proper in this District pursuant to 28 U.S.C §§ 1391(b), 1391(c) and 1400(a) because Plaintiff and Cleopatra are both located in this Judicial District. In addition, Defendants are subject to personal jurisdiction in this Judicial District and have committed unlawful acts of infringement in this Judicial District. In addition, Defendants all have places of business in this Judicial District.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

41.     Joinder of Cleopatra, Orchard and Apple is proper under Fed. R. Civ. P. 20 because Defendants are jointly and severally liable as members of a distinct distribution chain for the acts of copyright infringement identified herein.

### Harry Warren

42.     Harry Warren (1893-1981) has perhaps contributed more to the great American songbook than any other songwriter in history. Warren was born to Italian immigrant parents in Brooklyn, New York. After serving in the US Navy in World War I, Warren began writing songs.

43.     In the years 1931 to 1945, Warren wrote more hit songs than Irving Berlin. He was nominated for the Academy Award for Best Song eleven times (more than Berlin, George Gershwin, Cole Porter or Richard Rodgers) and won three Oscars for composing *Lullaby of Broadway*, *You'll Never Know,* and *On the Atchison, Topeka and the Santa Fe.*



44.     Warren wrote the music for the 1933 film musical, 42nd Street, choreographed by Busby Berkeley, with whom he would collaborate on many musical films. In 1980, producer David Merrick and director Gower Champion adapted the film into a Broadway musical that won the Tony Award for Best Musical in 1981 and ran for over 3,400 performances.

45.     Warren wrote over 800 songs including *Chattanooga Choo Choo, the* first song to receive a gold record, presented by RCA Victor in 1942, for sales of 1.2 million copies. Over the course of his career, Warren wrote 81 top 10 hits, including

timeless classics such as *At Last*, *I Only Have Eyes For You*, *That's Amore*, *You Must Have Been A Beautiful Baby*, *Jeepers Creepers*, and *The Gold Diggers' Song (We're in the Money)*. Warren was one of America's most prolific film composers, and his songs have been featured in over 300 films. Harry Warren was inducted into the Songwriters Hall of Fame in 1971.

### Four Jays Music Company

46.    In 1955 Harry Warren formed the Four Jays Music Company, a California corporation, to own the copyrights in his musical works.

47.    Four Jays Music Company acquired the copyrights in the respective Subject Compositions by assignment from Harry Warren and third party music publishers, as well as by assignment by Harry Warren's wife, daughter, and grandchildren, who acquired the copyrights by termination notices timely served and filed with U.S. Copyright Office under Section 304 of the Copyright Act of 1976.

48.    Plaintiff Four Jays Music Company is the legal owner of the U.S. copyright in certain of the Subject Compositions as identified in Exhibit A, along with all accrued causes of action.

### The Subject Compositions

49.    Plaintiff is the owner of the musical compositions listed in the Composition Chart annexed as Exhibit A (collectively, the "Subject Compositions") that are the subject of this action.

50.    The copyrights for all the Subject Compositions have been registered and renewed with the U.S. Copyright Office, and each Subject Composition is the subject of a valid U.S. copyright. The Composition Chart annexed as Exhibit A identifies the copyright registration numbers for each of the Subject Compositions.

51.    Plaintiff is the owner of a share in each of the Subject Compositions in the percentages listed on Exhibit A.

52.    As discussed more fully below, the Defendants have infringed, and are continuing to infringe, the copyright in each of the Subject Compositions by willfully reproducing and distributing them without a license.

### Background

53.    Before digital music distribution, recorded music was physically distributed through brick-and-mortar stores that were confined by the limitations of shelf space. Recording artists signed exclusive recording contracts with record labels in order to have their records pressed and distributed in national record stores.

54.    It is hard to imagine that a person walking into Tower Records, off the street, with arms full of CDs and vinyl records and claiming to be the record label for Frank Sinatra, Louis Armstrong and Ella Fitzgerald, could succeed in having that store sell their copies directly next to the same albums released by legendary record labels, Capitol, RCA and Columbia, and at a lower price.

55.    Yet, this exact practice occurs every day in the digital music business, where there is unlimited digital shelf space (for example, there are more than 40 million recordings in the iTunes store) and a complete willingness by the digital music stores to seek popular and iconic recordings from any source, legitimate or not, provided they participate in sharing the proceeds.

56.    The iconic status of the pirated recordings of the Subject Compositions at issue in this case cannot be overstated. Any list of the most popular singers and musicians of any period between 1930 and 1970 would be replete with the artists who have recorded Plaintiff's musical works, some of them multiple times.

57.    All the recordings on the Infringement Chart (Exh. B) embodying the Subject Compositions are pirated copies, or "bootlegs." Defendants' digital phonorecord deliveries of these pirated copies were all made without authorization from the copyright owners of the sound recordings or those who originally "fixed" them as required by Section 115 (discussed below), and the copyright owners of the Subject Compositions.

58.     Defendants all generate illicit revenue for themselves when these and other pirated copies are sold or distributed. Plaintiff has not authorized any reproduction or distribution of these pirate recordings of the Subject Compositions (or any identified on Exhibit B) and it is an infringement for which all the Defendants are jointly and severally liable.

### The Pirated Recordings

59.     The same deceit and manipulation are at work in all of the infringements identified in Exhibit B. Defendants have taken recordings of the Subject Compositions – in which they hold no rights – and reproduced and distributed pirated copies of them to the public, for profit, without authorization.

60.     Virtually all of the recordings at issue in this case were originally made between 1930 and 1972. Because of the consolidation in the music industry, many of the record labels that originally released these recordings have been acquired or otherwise consolidated by the three remaining major labels, Sony, Universal, and Warner, and their catalogs were absorbed into the major labels' "back catalog." This consolidation occurred well before the first digital music stores started operating in the early 2000s.

61.     Since Cleopatra did not exist prior to 1992, and it did not originally "fix" any of the relevant recordings, the only way for it to acquire the rights to duplicate and distribute them would be to purchase or license rights in these recordings.

62.     Upon information and belief, Cleopatra never acquired permission or the rights to reproduce or distribute any of these back catalog recordings from the major labels.

63.     Upon information and belief, all of the Defendants are simply duplicating pirated records of the Subject Compositions made by others without permission, and selling the pirated copies for profit.

**Defendants Have Infringed the Subject Compositions**

64. Section 115 of the Copyright Act expressly excludes Defendants' activity of making the digital phonorecord deliveries identified herein of pirated recordings of the Subject Compositions from eligibility for a compulsory license and Defendants have failed to obtain any licenses for the Subject Compositions that authorize such activity.

65. Upon information and belief, some Defendants may have attempted to obtain licenses to make digital phonorecord deliveries of the pirated recordings of the Subject Compositions identified on the Infringement Chart from the Harry Fox Agency ("Harry Fox" or "HFA").

66. Harry Fox licenses, however, adopt the terms of Section 115 and are therefore not available for pirated recordings.

67. In addition, upon information and belief, some Defendants may have engaged third party services such as Music Reports, Inc., and RightsFlow to obtain compulsory licenses for digital phonorecord deliveries the Online Defendants make, however, the activity of making digital phonorecord deliveries of pirated recordings of the Subject Compositions is not eligible for a compulsory license so any such attempt is ineffective.

**Unauthorized Methods of Digital Phonorecord Deliveries**

68. The Infringement Chart annexed as Exhibit B sets forth (1) each pirated recording of the Subject Compositions within the Cleopatra, Orchard, Apple distribution chain, thus far identified by Plaintiff that these Defendants have reproduced, distributed, and/or made available for digital phonorecord deliveries in Apple's iTunes store without authorization and (2) the specific types of reproductions, distributions, and/or digital phonorecord deliveries made ("Method").

69.     The various types of unauthorized reproductions, distributions, and/or digital phonorecord delivery configurations of pirated recordings of the Subject Compositions made and/or authorized by Defendants (the "Methods" in Exhibit B) are discussed briefly below.

### *Permanent Downloads*

70.     Permanent download means a digital transmission of a sound recording of a musical work in the form of a download, where such sound recording is accessible for listening without restriction as to the amount of time or number of times it may be accessed.

71.     Apple has made available, reproduced, and distributed permanent downloads of the pirated recordings of the Subject Compositions to their customers ("PD" on the Infringement Chart) and was unlawfully authorized and directed to do so by Cleopatra and/or Orchard.

72.     Permanent downloads of pirated recordings of the Subject Compositions require licenses from the copyright owners of the Subject Compositions and all of the Defendants failed to obtain such licenses for each entry on the Infringement Chart at Exhibit B.

73.     The reproduction and distribution of permanent downloads of pirated recordings of the Subject Compositions by Defendants, and their authorization of this activity, infringes Plaintiff's exclusive reproduction and distribution rights under 17 U.S.C. § 106(1) and (3).

### *Promotional Clips*

74.     Apple's iTunes store has a feature that allow users to interactively stream a sample, promotional clip, of the recordings that are available for sale as permanent downloads.

75.     These promotional clips ("PC" on the Infringement Charts) are 30–90 seconds long and their purpose is to encourage the purchase of the tracks as permanent downloads.

76.     These promotional clips of pirated recordings of the Subject Compositions are interactive streams that require a license from the copyright owners of the Subject Compositions and Defendants all failed to obtain such licenses for each entry on the Infringement Chart annexed as Exhibit B.

77.     Defendants' respective reproduction and distribution of promotional clips of pirated recordings of the Subject Compositions, and their authorization of this activity, infringes Plaintiff's exclusive reproduction and distribution rights under 17 U.S.C. § 106(1) and (3).

### *Server Copies*

78.     Apple reproduced the pirated recordings of the Subject Compositions on its servers for its iTunes store as server copies ("SC" on the Infringement Chart) and was unlawfully authorized to engage in this activity by Cleopatra and/or Orchard.

79.     These server copies of pirated recordings of the Subject Compositions are reproductions that require a license from the copyright owners of the Subject Compositions and the Defendants failed to obtain such licenses for each entry on the Infringement Chart.

80.     Apple's reproduction of server copies of pirated recordings of the Subject Compositions, and authorization of this activity by Cleopatra and Orchard, as well the distribution of the server copies of pirated recordings of Subject Composition to Apple, infringes Plaintiff's exclusive reproduction and distribution rights under 17 U.S.C. § 106(1) and (3).

### *Making Available*

81.     Defendants have made and continue to make available, or authorize making available, permanent downloads of the pirated recordings of the Subject Compositions to the public by uploading and/or offering pirated recordings of the Subject Compositions for permanent downloads in iTunes.

82.     The Defendants' making available ("MA" on the Infringement Chart) pirated recordings of the Subject Compositions for permanent downloads, and

unlawful authorization of this activity requires a license from the copyright owners of the Subject Compositions and all Defendants failed to obtain such licenses for each entry on the Infringement Chart. Defendants have thereby infringed Plaintiff's exclusive distribution rights under 17 U.S.C. § 106 as a "deemed distribution." *A&M Records v. Napster*, 239 F.3d 1004, 1014 (9th Cir. 2001); *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701 718–19 (9th Cir. 2007).

### *Exportation*

83.    Exportation of phonorecords, the making of which constituted an infringement of copyright, requires authorization of the copyright owner under Section 602 of the Copyright Act.

84.    Upon information and belief, Defendants have engaged in the unauthorized exportation ("EX" on the Infringement Chart) of phonorecords of pirated recordings of the Subject Compositions as identified on the Infringement Chart annexed as Exhibit B by digital phonorecord delivery to Apple's United Kingdom iTunes store without authorization for exportation from the U.S. copyright owners of the Subject Compositions.

85.    Defendants' respective exportation of pirated recordings of the Subject Compositions constitutes infringement of Plaintiff's exclusive rights of exportation under 17 U.S.C. § 602.

### *Illegal Downloading Prior to Exportation*

86.    Defendants are engaged in a systematic process of illegally reproducing and distributing illegally downloaded pirated copies of recordings of the Subject Compositions in the U.S. prior to distribution or exportation of these works to the U.K. (also "EX" on the Infringement Chart). Many of the pirated recordings of the Subject Compositions provided by Cleopatra are exclusively made available for permanent downloads in Apple's foreign digital music store.

87.    Defendants have each reproduced and/or distributed server copies of the pirated recordings of the Subject Compositions in the U.S. and/or unlawfully

authorized this activity, without any authority whatsoever to make these reproductions and/or distributions, the identical activity for which Ms. Thomas-Rassett and Mr. Tenenbaum were liable (see above).

88.     Any reproduction and/or distribution of pirated recordings of the Subject Compositions in the United States by Defendants, or authorization of this activity, without a license from the U.S. copyright owners is an infringement of the copyright owners' rights under 17 U.S.C. § 106(1) ("the owner of the copyright has the exclusive right to . . . reproduce the copyrighted work in copies or phonorecords."). Whatever foreign copyright laws may say, the U.S. Copyright Act governs reproductions in the U.S. and distributions or exportation from the U.S.

89.     Defendants' respective unauthorized reproductions and/or distributions of pirated recordings embodying the Subject Compositions in the U.S. prior to exportation, and unlawful authorization of this activity by Defendants constitutes infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

**Willfulness**

90.     The infringing conduct of all of the Defendants is willful. Cleopatra knows that it does not have authorization for reproduction, distribution, and exportation of the Subject Compositions on pirated recordings.

91.     Similarly, Orchard did not perform any investigation or due diligence to confirm that Cleopatra had authorization to make, or authorize the making of digital phonorecord deliveries, or the exportation, of pirated recordings of the Subject Compositions.

92.     In fact, Orchard has had knowledge of the infringing conduct of Cleopatra for several years and has nevertheless continued to make digital phonorecord deliveries and other reproductions and distributions of the pirated recordings of the Subject Compositions that Cleopatra provides without valid licenses, and/or were recklessly indifferent or willfully blind to their own infringing conduct.

93.     Finally, Apple has had knowledge of its own infringing conduct and that of Cleopatra and Orchard for several years and have continued to work with them and make digital phonorecord deliveries and other reproductions and distributions of the pirated recordings of the Subject Compositions that Cleopatra and Orchard provide and/or were recklessly indifferent or willfully blind to their own infringing conduct.

94.     Further, Apple has willfully failed to employ adequate human resources, screening mechanisms, or use of digital fingerprinting technology to detect unlawfully duplicated recordings in their stores that it routinely uses for other services, for example, "scan and match."

95.     The infringement by Defendants of each Subject Composition on each pirated recording identified in the Infringement Chart at Exhibit B began as of the date of upload, receipt, delivery to and/or reproduction by Apple of server copies of the pirated recordings of the Subject Compositions designated for reproduction and distribution by Cleopatra and/or Orchard in iTunes and continues to the present. The infringements identified in Exhibit B all occurred and were first discovered by the respective Plaintiff within three years of filing this Complaint.

96.     By their conduct described above, Defendants have infringed and are continuing to infringe Plaintiff's copyrights on a regular basis in violation of 17 U.S.C. §§ 101, 106, 115, 501, 602 *et seq*.

97.     As a direct and proximate result of Defendants' infringement, Plaintiffs are entitled to statutory damages under 17 U.S.C. § 504(c).

98.     Defendants' infringement is and has been willful, intentional, purposeful and with willful disregard of the rights of Plaintiffs. Anything less than maximum statutory damage awards would encourage infringement, amount to a slap on the wrist, and reward Defendants for their willful infringement on a grand scale.

99.     Plaintiffs are also entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

100.   Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting Defendants from reproducing, distributing, streaming, and selling the pirated recordings of the Subject Compositions without license or authorization in violation of the Copyright Act.

### Claim for Copyright Infringement Against
### Cleopatra, Orchard and Apple

101.   Plaintiffs repeat each and every allegation of the Complaint.

102.   Plaintiff Four Jays Music Company claims that Defendants Cleopatra, Orchard and Apple have unlawfully reproduced and distributed unauthorized recordings embodying its Subject Compositions including, but not limited to, the recordings identified in Exhibit B by the methods identified therein, and/or have unlawfully directed or authorized this activity. These Defendants have thereby willfully infringed, and are continuing to infringe, Plaintiff's copyrights in the Subject Compositions in violation of the Copyright Act.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants, jointly and severally, as follows:

1.   A declaration that Defendants have infringed Plaintiff's copyrights in the Subject Compositions in violation of the Copyright Act;

2.   A declaration that each of Defendants' infringements was willful;

3.   A separate award of statutory damages in amounts to be determined by the jury for all infringements of involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally;

4.   A permanent injunction barring the Defendants from continued infringement of Plaintiff's copyrights in the Subject Compositions pursuant to 17 U.S.C. § 502; and

1        5.    Reasonable attorneys' fees and costs of this action, statutory pre-

2    judgment interest, and such other relief as this Court may deem just and proper.

3    Dated:    New York, New York

4              September 12, 2019

5

6                    Respectfully submitted,

7              By:     /s/

8                    Allen Hyman (California State Bar No. 73371)

                  LAW OFFICES OF ALLEN HYMAN

9                    10737 Riverside Drive

10                   North Hollywood, CA 91602

                  Phone: (818) 763-6289

11                   E-mail: lawoffah@aol.com

12

13                   Matthew F. Schwartz

                  (*Pro Hac Vice Application to be Filed*)

14                   SCHWARTZ, PONTERIO & LEVENSON, PLLC

15                   134 West 29th Street, Suite 1006

                  New York, New York 10001

16                   Phone: (212) 714-1200

                  E-mail: mschwartz@splaw.us

17

18                   Oren S. Giskan  (*Pro Hac Vice Application to be Filed*)

                  GISKAN SOLOTAROFF & ANDERSON LLP

19                   90 Broad Street, 10th Floor

20                   New York, New York 10004

                  Phone: (212) 847-8315

21                   E-mail: ogiskan@gslawny.com

22

23                   *Attorneys for Plaintiff*

24

25

26

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Local Rule 38-1, and otherwise, Plaintiff respectfully demands a trial by jury on all issues so triable.

DATED: September 12, 2019

Respectfully submitted,

By: /s/ Allen Hyman

Allen Hyman (California State Bar No. 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, CA 91602
Phone: (818) 763-6289
E-mail: lawoffah@aol.com

Matthew F. Schwartz
(*Pro Hac Vice Application to be Filed*)
SCHWARTZ, PONTERIO & LEVENSON, PLLC
134 West 29th Street, Suite 1006
New York, New York 10001
Phone: (212) 714-1200
E-mail: mschwartz@splaw.us

Oren S. Giskan (*Pro Hac Vice Application to be Filed*)
GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street, 10th Floor
New York, New York 10004
Phone: (212) 847-8315
E-mail: ogiskan@gslawny.com

*Attorneys for Plaintiff*

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

# Attachment 1

# List of Works

| # | Composition | Authors | Registration Numbers |
|---|-------------|---------|---------------------|
| 1 | By the River Sainte Marie | Harry Warren, Edgar Leslie | EE40444 |
| 2 | Clementine (From New Orleans) | Harry Warren, Henry Creamer | E665729 |
| | | | E673858 |
| 3 | Coffee Time | Harry Warren, Arthur Freed | EP13073 |
| | | | EP238C |
| 4 | Howdy Neighbor, Happy Harvest | Harry Warren, Mack Gordon | EP47400 |
| 5 | Here I Go Again, My Baby Loves Me | Harry Warren, Bud Green | E628958 |
| 6 | Innamorata | Harry Warren, Jack Brooks | EP93123 |
| 7 | Nagasaki | Harry Warren, Mort Dixon | E696275 |
| 8 | One Sweet Letter From You | Harry Warren, Lew Brown, Sydney Clare | E658837 |
| 9 | Someone Like You | Harry Warren, Ralph Blane | EP34103 |
| 10 | There Will Never Be Another You | Harry Warren, Mack Gordon | EP106434 |
| 11 | This Is Always | Harry Warren, Mack Gordon | EP7166 |
| 12 | You Got Me Where You Want Me | Harry Warren, Johnny Mercer | EP124678 |
| 13 | You'll Never Know | Harry Warren, Mack Gordon | EP112560 |

# Composition Copyright Chart

| Writer - Owner (Share) | Composition Name | Copyright Registration Number |
|---|---|---|
| WARREN - Four Jays Music Company (50%) | | |
| | By The River Sainte Marie | |
| | | EP20364 |
| | Clementine (From New Orleans) | |
| | | E673858 |
| | | E665729 |
| | Coffee Time | |
| | | EP2306 |
| | | EP134973 |
| | I Love My Baby, My Baby Loves Me | |
| | | E628968 |
| | Innamorata | |
| | | EP93123 |
| | Nagasaki | |
| | | E696275 |
| | Someone Like You | |
| | | EP34103 |
| | This Is Always | |
| | | EP7166 |
| | You Got Me Where You Want Me | |
| | | EP124678 |
| | You'll Never Know | |
| | | EP112560 |

Exhibit A - Composition Chart

| Writer - Owner (Share) | Composition Name | Copyright Registration Number |
|---|---|---|
| WARREN - Four Jays Music Company (33.33%) | | |
| | One Sweet Letter From You | E658837 |
| | There Will Never Be Another You | EP106434 |
| WARREN - Four Jays Music Company (100%) | | |
| | Howdy Neighbor, Happy Harvest | EP47400 |

Exhibit B

# Infringement Chart

| # | Imprint | Composition | Artist | Album | Method |
|---|---|---|---|---|---|
| 1 | Stardust Records | By The River Sainte Marie | Enoch Light And His Orchestra | Ultimate Lounge Classics | PD, PC, SC, MA |
| 2 | Master Classics | Clementine | Bing Crosby | Record Of Winners | PD, PC, SC, MA, EX |
| 3 | Master Classics | Clementine | Bix Beiderbecke | Greatest Hits | PD, PC, SC, MA, EX |
| 4 | Master Classics | Clementine | Duke Ellington Orchestra | The Essential Jazz Masters | PD, PC, SC, MA, EX |
| 5 | Stardust Records | Clementine | Ted Heath | Greatest Swing & Big Band Collection | PD, PC, SC, MA, EX |
| 6 | VINTAGE MASTERS INC. | Coffee Time | Bob... | | PD, PC, SC, MA, EX |
| 7 | Stardust Records | Coffee Time | Carmen McRae | Coffee & Cigarettes - Smoking Songs & Vintage Tracks | PD, PC, SC, MA, EX |
| 8 | Stardust Records | Coffee Time | | | PD, PC, SC, MA |
| 9 | Master Classics | Coffee Time | Jackie Davis | 100 Organ Classics | PD, PC, SC, MA, EX |
| 10 | Master Classics | Coffee Time | Jackie Davis | | PD, PC, SC, MA, EX |
| 11 | VINTAGE MASTERS INC. | Coffee Time | Kirby Stone Four | The Very Best Of | PD, PC, SC, MA |
| 12 | Screenland Records | Coffee Time | Ruth Olay | | PD, PC, SC, MA, EX |
| 13 | Goldenlane Records | Howdy Neighbor | Don Reno & Red Smiley | The Very Best Of | PD, PC, SC, MA |
| 14 | Stardust Records | I Love My Baby | | | PD, PC, SC, MA |
| 15 | Stardust Records | I Love My Baby | Fred Waring & His Pennsylvanians | The Charleston | PD, PC, SC, MA |
| 16 | Magic Gold Records | I Love My Baby | Jill Corey | | PD, PC, SC, MA, EX |

Exhibit B

# Infringement Chart

| # | Imprint | Composition | Artist | Album | Method |
|---|---------|-------------|--------|-------|--------|
| 17 | Goldenlane Records | I Love My Baby | Larry Darnell | The Very Best Of | PD, PC, SC, MA, EX |
| 18 | Master Classics | I Love My Baby | Lee Morse | | PD, PC, SC, MA, EX |
| 19 | Stardust Records | I Love My Baby | Lee Morse And Her Blue Grass Boys | Best of the Roaring Twenties | PD, PC, SC, MA, EX |
| 20 | Master Classics | I Love My Baby | Lee Morse And Her Blue Grass Boys | Roaring '20s Jazz | PD, PC, SC, MA |
| 21 | Master Classics | I Love My Baby | Lowell Fulson | Birth Of A Blues Legend | PD, PC, SC, MA, EX |
| 22 | Master Classics | I Love My Baby | Lowell Fulson | Blues Legend | PD, PC, SC, MA, EX |
| 23 | Stardust Records | I Love My Baby | Tommy McClennan | The Very Best Of | PD, PC, SC, MA |
| 24 | Master Classics | Innamorata | Dick Contino | Accordion Music Greats | PD, PC, SC, MA, EX |
| 25 | Master Classics | Innamorata | Jerry Vale | Essential '50s Classics | PD, PC, SC, MA, EX |
| 26 | Master Classics | Innamorata | The Creative Crew | | PD, PC, SC, MA, EX |
| 27 | Master Classics | Nagasaki | Borrah Minevitch & His Harmonica Rascals | 100 Harmonica Jazz & Blues Classics | PD, PC, SC, MA, EX |
| 28 | Master Classics | Nagasaki | Borrah Minevitch & His Harmonica Rascals | | PD, PC, SC, MA, EX |
| 29 | Master Classics | Nagasaki | Charlie Barnet | Greatest Swing Masters | PD, PC, SC, MA, EX |
| 30 | Master Classics | Nagasaki | Django Reinhardt | 100 Jazz Guitar Classics | PD, PC, SC, MA, EX |
| 31 | Stardust Records | Nagasaki | Django Reinhardt | Genius Of Gypsy Guitar | PD, PC, SC, MA |
| 32 | Master Classics | Nagasaki | Gerald... Orchestra | | PD, PC, SC, MA, EX |

Exhibit B

# Infringement Chart

| # | Imprint | Composition | Artist | Album | Method |
|---|---------|-------------|--------|-------|--------|
| 33 | Master Classics | Nagasaki | Louis Metcalf | At The Ali Baba | PD, PC, SC, MA, EX |
| 34 | Goldenline Records | One Sweet Letter From You | Bunk Johnson | Essential Blues Collection Plus - Essential Blues | PD, PC, SC, MA |
| 35 | Stardust Records | One Sweet Letter From You | Charleston Chasers | 100 Vocal & Jazz Classics - Vol. 1 (1921-1927) | PD, PC, SC, MA |
| 36 | Master Classics | One Sweet Letter From You | Cliff Brodie's Texas Wanderers | Mildred Bailey Stars & Stripes | PD, PC, SC, MA, EX |
| 37 | Stardust Records | One Sweet Letter From You | Ken Colyer's All Star Jazzmen | Rarest Big Band Music | PD, PC, SC, MA, EX |
| 38 | Master Classics | One Sweet Letter From You | Paul Cowen & Friends | The Rhythm & Blues (Z& R&B Collection) | PD, PC, SC, MA, EX |
| 39 | Cleopatra Records | One Sweet Letter From You | Spade Cooley | The Best Of Western Swing | PD, PC, SC, MA |
| 40 | Goldenline Records | One Sweet Letter From You | The Original Memphis Five | The Ultimate Collection | PD, PC, SC, MA |
| 41 | Stardust Records | Someone Like You | Arne Lamberth | Romantic Jazz Essentials | PD, PC, SC, MA |
| 42 | Master Classics | Someone Like You | Sergio Franchi | Dont Her? A Voice (Original Broadway Cast Recording) | PD, PC, SC, MA, EX |
| 43 | Master Classics | That's Amore | The Creative Crowd | The Brotherhood & Other Motion Picture Themes | PD, PC, SC, MA, EX |
| 44 | Stardust Records | There Will Never Be Another You | Beverly Kenney | Sings for Johnny Smith | PD, PC, SC, MA, EX |
| 45 | Master Classics | There Will Never Be Another You | Bill Evans | Essential Jazz Masters '57 | PD, PC, SC, MA, EX |
| 46 | Goldenline Records | There Will Never Be Another You | Bill Jennings & Andy Johnson | Essential Jazz Masters 1951 - 1953 | PD, PC, SC, MA, EX |
| 47 | Master Classics | There Will Never Be Another You | Billy Taylor Trio | Essential Jazz Masters | PD, PC, SC, MA, EX |
| 48 | Master Classics | There Will Never Be Another You | Billie Mitchell | Essential Blues Masters (Essential Blues) | PD, PC, SC, MA, EX |

Exhibit B

# Infringement Chart

| # | Imprint | Composition | Artist | Album | Method |
|---|---------|-------------|--------|-------|--------|
| 49 | Stardust Records | There Will Never Be Another You | Bob Brookmeyer | The Modernity Of Bob Brookmeyer | PD, PC, SC, MA |
| 50 | Stardust Records | There Will Never Be Another You | Bobby Jaspar | Essential Jazz Masters | PD, PC, SC, MA |
| 51 | Stardust Records | There Will Never Be Another You | Bobby Jaspar & Blossom Dearie | Modern 50's & 60's Jazz Essentials | PD, PC, SC, MA |
| 52 | Stardust Records | There Will Never Be Another You | Count Basie & Joe Williams | Count Basie Swings, Joe Williams Sings | PD, PC, SC, MA, EX |
| 53 | Stardust Records | There Will Never Be Another You | Della Reese | Live In Hollywood, 1966 | PD, PC, SC, MA |
| 54 | Master Classics | There Will Never Be Another You | Ferrante and Teicher | Instrumental Piano Music | PD, PC, SC, MA, EX |
| 55 | Stardust Records | There Will Never Be Another You | Frances Faye | Sexy Lounge Vintage Era | PD, PC, SC, MA |
| 56 | Master Classics | There Will Never Be Another You | George Shih | The Golden Harp Songs Of Orange Suite | PD, PC, SC, MA, EX |
| 57 | Master Classics | There Will Never Be Another You | Gogi Grant | 50 Greatest Masters | PD, PC, SC, MA, EX |
| 58 | Master Classics | There Will Never Be Another You | June Valli | The Ultimate Collection | PD, PC, SC, MA, EX |
| 59 | Master Classics | There Will Never Be Another You | Lennie Tristano Quartet | New York Jazz Sessions - 1955 | PD, PC, SC, MA, EX |
| 60 | Master Classics | There Will Never Be Another You | Pete Rugolo And His Orchestra | Essential Jazz Swing And Jitterbug Collection | PD, PC, SC, MA, EX |
| 61 | Master Classics | There Will Never Be Another You | Red Garland Trio | The Ultimate Jazz Collection | PD, PC, SC, MA, EX |
| 62 | Master Classics | There Will Never Be Another You | Teddy Wilson & Lester Young | The Very Best Of | PD, PC, SC, MA, EX |
| 63 | Master Classics | This Is Always | Anita Kerr | Golden Masters | PD, PC, SC, MA, EX |
| 64 | Stardust Records | This Is Always | Ben Kelly | The Archive Collection - San Francisco | PD, PC, SC, MA |
| 65 | Stardust Records | This Is Always | Dizzy Reece | Essential Jazz Masters | PD, PC, SC, MA, EX |

Page 4

Exhibit B

# Infringement Chart

| # | Imprint | Composition | Artist | Album | Method |
|---|---------|-------------|--------|-------|--------|
| 66 | Master Classics | | | | |
| 67 | Master Classics | This Is Always | James Moody | Essential Jazz Masters | PD, PC, SC, MA, EX |
| 68 | Master Classics | | | | |
| 69 | Master Classics | You Got Me Where You Want Me | John Brim | Rock N' Roll '50s Blues Essentials | PD, PC, SC, MA, EX |
| 70 | Master Classics | | | | |
| 71 | Soundtrack Classics | You'll Never Know | Alice Faye | Four Jills In A Jeep (Original Motion Picture Soundtrack) | PD, PC, SC, MA |
| 72 | Master Classics | | | | |
| 73 | Master Classics | You'll Never Know | Alice Faye | The Ultimate Collection | PD, PC, SC, MA, EX |
| 74 | Master Classics | | | | |
| 75 | Soundtrack Classics | You'll Never Know | Ann Sothern | Lady Be Good (Original Motion Picture Soundtrack) | PD, PC, SC, MA, EX |
| 76 | Master Classics | | | | |
| 77 | Screenland Records | You'll Never Know | Ann Sothern | The Complete Ann Sothern | PD, PC, SC, MA |
| 78 | Master Classics | | | | |
| 79 | Master Classics | You'll Never Know | Bea Wain | The Very Best Of | PD, PC, SC, MA, EX |
| 80 | Master Classics | | | | |
| 81 | Screenland Records | You'll Never Know | Betty Grable | The Best Of | PD, PC, SC, MA |
| 82 | Master Classics | | | | |
| 83 | Master Classics | You'll Never Know | Billy Butterfield | Ultimate Collection (1944-1961) | PD, PC, SC, MA, EX |

Page 5

Exhibit B

# Infringement Chart

| # | Imprint | Composition | Artist | Album | Method |
|---|---------|-------------|--------|-------|--------|
| 84 | Master Classics | You'll Never Know | Bob Bryson | Elite Classical Music 2 | PD, PC, SC, MA, EX |
| 85 | Master Classics | You'll Never Know | Dick Haymes | World War II Golden Memories | PD, PC, SC, MA, EX |
| 86 | Master Classics | You'll Never Know | Fabulous Bliss | Rescue Me - The Best Of... | PD, PC, SC, MA, EX |
| 87 | Master Classics | You'll Never Know | Frank Chacksfield And His Orchestra | Greatest Musical Theme Songs | PD, PC, SC, MA, EX |
| 88 | Master Classics | You'll Never Know | George Aulis | The Very Best Of | PD, PC, SC, MA, EX |
| 89 | Master Classics | You'll Never Know | Geraldo & His Orchestra | Vintage British Jazz | PD, PC, SC, MA, EX |
| 90 | Master Classics | You'll Never Know | Jimmy Dignam | Blues & Happy | PD, PC, SC, MA, EX |
| 91 | Master Classics | You'll Never Know | Judy Canova | Sings Her Hits | PD, PC, SC, MA, EX |
| 92 | Screenland Records | You'll Never Know | Nancy Steele | Riley Hits | PD, PC, SC, MA |
| 93 | Master Classics | You'll Never Know | Polly Bergen | Greatest Hits | PD, PC, SC, MA, EX |
| 94 | Master Classics | You'll Never Know | Ricky Miller | Mr. Ricky Miller | PD, PC, SC, MA, EX |
| 95 | Soundtrack Classics | You'll Never Know | The Berry Brothers | Lady Be Good (Original 1941 Motion Picture Soundtrack) | PD, PC, SC, MA |
| 96 | Soundtrack Classics | You'll Never Know | The Berry Brothers | Lady Be Good (Original 1941 Motion Picture Soundtrack) | PD, PC, SC, MA, EX |
| 97 | Master Classics | You'll Never Know | Vera Lynn | The Very Best Of | PD, PC, SC, MA |
| 98 | Stardust Records | You'll Never Know | Woolf Phillips | Jazz Classics | PD, PC, SC, MA, EX |

Page 6