1 | KENNETH L. STEINTHAL (Bar No. 268655)
      *ksteinthal@kslaw.com*
2 | JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
      *jakro@kslaw.com*
3 | KING & SPALDING LLP
    633 West Fifth Street, Suite 1600
4 | Los Angeles, CA 90071
    Telephone: (213) 443-4355
5 | Facsimile: (213) 443-4310

6 | Attorneys for Defendants
    THE ORCHARD ENTERPRISES, INC. AND
7 | ORCHARD ENTERPRISES, NY, INC.

8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **WESTERN DIVISION**

12

13 | FOUR JAYS MUSIC COMPANY | **Case No.** 2:19-cv-07952-FMO-MAA
     and JULIA RIVA,                      | *[The Honorable Fernando M. Olguin]*

14 |                                                 |
      *Plaintiffs*,                              | **DEFENDANTS THE ORCHARD
15 |                                                 | ENTERPRISES, INC. AND ORCHARD
      v.                                           | ENTERPRISES, NY, INC.'S NOTICE
16 |                                                 | OF MOTION AND MOTION TO
      APPLE, INC., GOOGLE LLC,            | DISMISS OR TRANSFER;
17 | THE ORCHARD ENTERPRISES,     | MEMORANDUM OF POINTS AND
      INC., ORCHARD ENTERPRISES,    | AUTHORITIES**
18 | NY, INC., and CLEOPATRA           |
      RECORDS, INC.                          | Date: April 9, 2020
19 |                                                 | Time: 10:00 a.m.
      *Defendants*.                             | Judge: The Honorable Fernando M. Olguin
20 |

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that on April 9, 2020, or as soon thereafter as the matter may be heard, defendants The Orchard Enterprises, Inc. and Orchard Enterprises, NY, Inc. will bring for hearing before the Honorable Fernando M. Olguin, United States District Judge, in Courtroom 6D, United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, a Motion to Dismiss the First Amended Complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) or, in the alternative, motion to transfer under 28 U.S.C. § 1404.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the pleadings, papers, and records on file in this case, as well as oral argument as may be presented at any hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 21, 2020.

DATED: March 3, 2020          **KING & SPALDING LLP**


By: */s/ Kenneth L. Steinthal*
Kenneth L. Steinthal
Attorney for Defendants The Orchard Enterprises, Inc. and Orchard Enterprises, NY, Inc.

1

## **TABLE OF CONTENTS**

2    INTRODUCTION ..................................................................................................1

3    STATEMENT OF FACTS ....................................................................................3

4    ARGUMENT .........................................................................................................5

5    I.    The Due Process Clause Forecloses This Court's Exercise of Personal
           Jurisdiction Over The Orchard ....................................................................5

6         A.    This Court Lacks General Jurisdiction Over The Orchard .......................6

7         B.    This Court Lacks Specific Jurisdiction Over The Orchard........................7

8               1.    The Orchard Did Not Purposefully Direct Any Suit-Related
                      Conduct Towards California ................................................................8

9
                      a.    The Orchard Did Not Target California .........................................9

10
                      b.    Personal Jurisdiction Cannot Be Based on a Defendant's
11                          Relationship with a Third Party — It Must Be Based on *the
                            Defendant's* Contacts with the Forum .........................................10

12
                      c.    The Orchard Did Not Reproduce or Distribute Subject
13                          Compositions in California..............................................................11

14                    d.    Alleging Harm In California Is Not Dispositive of Personal
                            Jurisdiction....................................................................................12

15                    e.    Plaintiffs Cannot Bootstrap Their Way To Personal
                            Jurisdiction....................................................................................12

16
               2.    The Exercise Of Personal Jurisdiction In California Is
17                   Unreasonable................................................................................13

18   II.   This Is An Improper Venue .........................................................................15

19   III.  Rather Than Decide Personal Jurisdiction and Venue, the Court Should
           Transfer Plaintiffs' Lawsuit to the Southern District of New York — the
20         Venue Where The Orchard Resides ................................................................15

21        A.    The Convenience-of-Parties Factors Point to New York ........................16

22              1.    Access to Sources of Proof Is Easier In New York ............................17

23              2.    The Ability to Obtain Compulsory Process Favors New York..........17

24              3.    Plaintiffs' Choice of Forum Is Entitled To Only Minimal
                      Consideration ................................................................................18

25        B.    The Public-Interest Factors Also Favor New York ................................19

26   CONCLUSION.....................................................................................................20

27

28

i

DEFENDANT THE ORCHARD'S MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION TO DISMISS OR TRANSFER
CASE NO. 2:19-CV-07952-FMO-MAA

1
## <u>TABLE OF AUTHORITIES</u>

2
**Cases**

3
*A.J. Indus. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
4
    503 F.2d 384 (9th Cir. 1974) ........................................................... 17

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
5
    480 U.S. 102 (1987) ...................................................................... 2, 8, 9

6
*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
7
    571 U.S. 49 (2013) ...................................................................... 16, 19

8
*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
    874 F.3d 1064 (9th Cir. 2017) ......................................................... 12

9
*Blackman v. Teespring, Inc.*,
10
    No. 2:18-cv-8357-CBM-AGR,
    2019 WL 7832605 (C.D. Cal. Mar. 19, 2019) ................................. 15
11

12
*Brayton Purcell LLP v. Recordon & Recordon*,
    606 F.3d 1124 (9th Cir. 2010) ......................................................... 15

13
*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
14
    137 S. Ct. 1773 (2017) ............................................................. *passim*

15
*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ................................................................... 11, 14
16

17
*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ......................................................... 5, 6, 7, 10

18
*Dole Food Co. v. Watts*,
19
    303 F.3d 1104 (9th Cir. 2002) ......................................................... 13

20
*Falco v. Nissan N. Am. Inc.*,
    96 F. Supp. 3d 1053 (C.D. Cal. 2015) ............................................... 9

21
*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*,
22
    905 F.3d 597 (9th Cir. 2018) ........................................................... 13

23
*Gerson v. Logan River Academy*,
    No. 2:19-cv-05008-ODW (JPRx),
24
    2020 WL 473134 (C.D. Cal. Jan. 29, 2020) .................................... 18

25
*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
26
    564 U.S. 915 (2011) ..................................................................... 6, 8

27
*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
    485 F.3d 450 (9th Cir. 2007) ............................................................. 9

28

ii

*In re Boon Global Ltd.*,
   923 F.3d 643 (9th Cir. 2019) .......................................................................... 8

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ......................................................................... 16

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)......................................................................................... 6

*J. McIntyre Mach., Ltd. v. Nicastro*,
   564 U.S. 873 (2011).................................................................................2, 8, 9

*Jacob v. Rusk*,
   No. CV 16-0825 FMO (JCx),
   2016 WL 9136169 (C.D. Cal. Nov. 9, 2016) ............................................... 17

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ........................................................................ 16

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) ...................................................................18, 19

*Martinez v. Aero Caribbean*,
   764 F.3d 1062 (9th Cir. 2014) ........................................................................ 5

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ........................................................................ 5

*Metz v. U.S. Life Ins. Co.*,
   674 F. Supp. 2d 1141 (C.D. Cal. 2009)......................................................... 17

*Moderustic, Inc. v. Exotic Fire Glass*,
   No. 517CV01868ODWSPX,
   2017 WL 10434397 (C.D. Cal. Nov. 29, 2017) ........................................... 15

*Morrill v. Scott Fin. Corp.*,
   873 F.3d 1136 (9th Cir. 2017) ...................................................................... 12

*Rubio v. Monsanto Co.*,
   181 F. Supp. 3d 746 (C.D. Cal. 2016)................................................16, 17, 18

*Rush v. Savchuk*,
   444 U.S. 320 (1980)....................................................................................2, 13

*Safarian v. Maserati N. Am., Inc.*,
   559 F. Supp. 2d 1068 (C.D. Cal. 2008)......................................................... 16

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988).......................................................................................... 16

iii

*StoAmigo Int'l, LLC v. Vanbex Grp., Inc.*,
   No. CV 19-224-MWF (KSx),
   2019 WL 4418817 (C.D. Cal. May 17, 2019)...................................................5

*Synoptek, LLC v. Synaptek Corp.*,
   326 F Supp. 3d 976 (C.D. Cal. 2017)...............................................................16

*Walden v. Fiore*,
   571 U.S. 277 (2014).................................................................................*passim*

*Wells Fargo Bank, Nat'l Ass'n v. Transamerica Life Ins. Co.*,
   No. 2:19-cv-06791-CAS(GJSx),
   2020 WL 709272 (C.D. Cal. Feb. 12, 2020) ....................................................7

*Williams v. Yamaha Motor Co.*,
   851 F.3d 1015 (9th Cir. 2017) ..........................................................................7

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980).........................................................................5, 6, 9, 14

*Zaccarello v. Medtronic, Inc.*,
   No. CV 12-8144 FMO (Ex),
   2013 WL 12131577 (C.D. Cal. Nov. 25, 2013) ..............................................18

**Statutes**

28 U.S.C. § 1400.......................................................................................2, 5, 15

28 U.S.C. § 1404....................................................................................2, 15, 16

Cal. Code Civ. Proc. § 410.10 ................................................................................5

**Rules**

Fed. R. Civ. P. 45(c)(1)........................................................................................18

Fed. R. of Civ. P. 12(b)(2) .....................................................................................6

**Other Authority**

*Blagman v. Apple, Inc.*,
   No. 2012-cv-05453 (S.D.N.Y. filed July 13, 2012) ........................................19

iv

DEFENDANT THE ORCHARD'S MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION TO DISMISS OR TRANSFER
CASE NO. 2:19-CV-07952-FMO-MAA

## **INTRODUCTION**

In this copyright infringement suit, plaintiffs seek to hale into court an out-of-state defendant to seek redress for claims with no cognizable connection to California or to this judicial district.  Rather than dismissing this action for lack of personal jurisdiction and venue, however, the Court is free to transfer it in the interest of justice. Transferring this action to the Southern District of New York, where The Orchard and relevant third-party witnesses are based, would allow this case to proceed in an appropriate court and would moot the problems with personal jurisdiction and venue. Indeed, transfer would significantly streamline these proceedings because all of the remaining defendants — Google, Apple, and Cleopatra Records — consent to transfer to the Southern District of New York (and would not contest, for these claims, personal jurisdiction and venue there).

Plaintiffs filed this action in California against The Orchard Enterprises, Inc. and Orchard Enterprises, NY, Inc. (collectively, The Orchard).  The Orchard Enterprises is an out-of-state defendant.  It is incorporated in Delaware and maintains its principal place of business in New York.  None of the facts involving The Orchard Enterprises relevant to this lawsuit occurred in California.  So too for Orchard Enterprises, NY.  It is organized under the laws of New York and maintains its principal place of business in New York.  And the lawsuit does not derive from alleged activities of Orchard Enterprises, NY in California.

Without any basis, and despite having been advised otherwise during the meet-and-confer process, plaintiffs continue to allege that The Orchard has an office in Los Angeles.  ECF No. 20 ("FAC") ¶¶ 30–31.  In an earlier version of this suit, plaintiffs erroneously identified a similarly-named Los Angeles restaurant, having no relation to The Orchard, as the premises of The Orchard's alleged Los Angeles office; although that assertion has been dropped here, there is no allegation of where The Orchard maintains an office in Los Angeles.  *Compare* Compl. ¶ 28, *SA Music v. Apple Inc.*, 2:19-cv-04073, ECF No. 1 (filed May 9, 2019), *with* the Orchard LA,

1

http://www.theorchardla.com/ (accessed Mar. 3, 2020) (listing same address as a restaurant).  The Orchard's music-distribution activities have no connection to California or this judicial district.

In fact, none of the reasons offered in the First Amended Complaint for personal jurisdiction is sufficient.  The Complaint asserts personal jurisdiction "over Defendants because they . . . have purposefully availed or directed their infringing activities in California" (FAC ¶ 40), even though the law is clear that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 883 (2011) (plurality op.) (quoting *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987)).  The Complaint points to alleged "transactions consummated within California" (FAC ¶ 41) — that is, transactions with third parties — even though "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 286 (2014).  And it blurs the conduct of some *other* defendants (which may or may not have a connection to California) with the conduct of *this* defendant (which did not) (FAC ¶ 40), even though "[t]he requirements of [personal jurisdiction] . . . must be met as to each defendant over whom a state court exercises jurisdiction." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1783 (2017) (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)).  In case after case over the last ten years, the Supreme Court has rejected these same purported bases for jurisdiction.  This court should too.

Venue is equally problematic.  In a copyright infringement suit, venue is proper in "the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400.  For The Orchard, that is the Southern District of New York — not this district.

Although there is no basis for jurisdiction or venue, this Court could simply transfer this case to the Southern District of New York under 28 U.S.C. § 1404. Transferring this action to New York would allow plaintiffs to proceed with their case in an appropriate court and would moot the problem with personal jurisdiction.  If the

2

DEFENDANT THE ORCHARD'S MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION TO DISMISS OR TRANSFER
CASE NO. 2:19-CV-07952-FMO-MAA

1   Court transfers this action under § 1404, it could do so without deciding the personal

2   jurisdiction question.  Transfer would allow this case to proceed in a single action, since

3   Google, Apple, and Cleopatra Records have all consented to transfer.  What is more, a

4   key issue pertaining to any potential liability in this case will turn on the scope of

5   licenses granted by the Harry Fox Agency, a third party.  The Harry Fox Agency, and

6   its witnesses, are based in New York.

7                                      **STATEMENT OF FACTS**

8          The Orchard is one of the industry's leading music distribution and record label

9   services companies.   It specializes in music distribution, marketing, advertising,

10  licensing and video monetization, among other things.

11         Distributors such as The Orchard "engage[] in the distribution of digital music"

12  from record labels that sell sound recordings.  FAC ¶ 32.  The allegations in this case

13  concern musical compositions (or "musical works") embodied within sound recordings,

14  usually authored by a composer and owned by composers and their affiliated publishers.

15  A sound recording is the "record" of the song: the recorded performance of a musical

16  composition by an artist, the rights to which are usually owned by the record label that

17  produced it.  Distributors like The Orchard do not make sound recordings, and they do

18  not sell them to consumers.   Instead, the sound recordings aggregated by such

19  distributors are sold to consumers by digital music stores, with the distributors receiving

20  a share of the sales revenue.  *See id.* ¶¶ 25, 29, 32–34.  The Orchard is based in New

21  York, New York; all witnesses relevant to this suit reside in New York; and The

22  Orchard's negotiations with Defendants Apple, Google, and Cleopatra Records took

23  place from New York.  McCrady Decl. ¶ 8, 10, 11.

24         Plaintiffs allege that The Orchard, along with Apple, Google, and Cleopatra

25  Records, infringed musical compositions that plaintiffs own or control.  Plaintiffs bring

26  two claims of copyright infringement based on their alleged ownership of "musical

27  works authored by Harry Warren."  FAC ¶ 2.  They allege that Cleopatra Records

28  reproduced their musical works in sound recordings without permission.   Those

                                                    3

1   recordings, in turn, were acquired by The Orchard, which then provided those

2   recordings to the digital music stores run by Apple and Google, which allegedly sold

3   the songs to consumers.  *See id.* ¶¶ 29–39.  Plaintiffs argue that these two label-

4   distributor-service chains unlawfully reproduced and distributed their musical works,

5   and they seek damages for each separate distribution chain as a separate act of

6   infringement. *See id.* ¶¶ 111–16.

7         Central to plaintiffs' allegations of infringement is their argument that licenses

8   that The Orchard or other defendants obtained from the Harry Fox Agency (or other

9   third-parties), which granted the defendants the rights to make the very reproductions

10  of musical works that plaintiffs claim to be infringing, were invalid.  As plaintiffs

11  candidly admit, "some Defendants may have attempted to obtain licenses to make

12  digital phonorecord deliveries of the pirated recordings of the Subject Compositions

13  identified on the Infringement Charts from the Harry Fox Agency." *Id.* ¶ 74.  The Harry

14  Fox Agency is a third-party entity that music publishers, including plaintiffs here, rely

15  on to license their music.  It is standard industry practice for a licensee, like The

16  Orchard, to clear reproduction rights through Harry Fox.  However, in plaintiffs' view,

17  "Harry Fox licenses . . . adopt the terms of [17 USC] Section 115 and are therefore not

18  available for pirated recordings." *Id.* ¶ 75.  Thus, they claim "[a]ny license purportedly

19  granted by HFA is therefore invalid." *Id.*  The Harry Fox Agency is based in New York,

20  and the representatives of the Harry Fox Agency involved in licensing The Orchard are

21  located in New York as well.  McCrady Decl. ¶ 12.

22        In total, only three paragraphs comprise the First Amended Complaint's entire

23  personal jurisdiction allegations against Defendants.  FAC ¶¶ 40–42.  The First

24  Amended Complaint alleges that personal jurisdiction exists because Defendants "are

25  incorporated in California and/or have principal places of business in this Judicial

26  District." *Id.* ¶ 40.  As discussed below, this allegation is false as to The Orchard; The

27  Orchard is incorporated in Delaware rather than California, and its principal place of

28  business is in New York.  Nor does the First Amended Complaint's bare allegation that

4

1  Defendants "have purposefully availed or directed their infringing activities in
2  California" fare any better.  *Id.*  It alleges no facts in support of this claim, and it
3  misapprehends the personal jurisdiction analysis.

4  ## **ARGUMENT**

5  The Due Process Clause prohibits the exercise of personal jurisdiction over The
6  Orchard.  And even if that were not the case, venue in the Central District is improper
7  because venue in a copyright infringement suit rests in the "district in which the
8  defendant or his agent resides or may be found."  28 U.S.C. § 1400.  That is New York,
9  not this judicial district.  But if this court wishes to avoid deciding the personal
10 jurisdiction question, it should transfer this action to the Southern District of New York,
11 the district where The Orchard resides and where venue is appropriate.

12 ## I.     **The Due Process Clause Forecloses This Court's Exercise of Personal**
13 **Jurisdiction Over The Orchard**

14 To establish personal jurisdiction over a defendant, a plaintiff must show two
15 things: that (1) the state's long-arm statute authorizes the exercise of personal
16 jurisdiction, and (2) personal jurisdiction would comport with the Due Process Clause.
17 *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).  The statutory inquiry for California
18 is simple.   California's long-arm statute authorizes a court to exercise personal
19 jurisdiction "on any basis not inconsistent with the Constitution of this state or of the
20 United States."  Cal. Code Civ. Proc. § 410.10; *see also Martinez v. Aero Caribbean*,
21 764 F.3d 1062, 1066 (9th Cir. 2014) ("California's long-arm statute . . . is coextensive
22 with federal due process requirements, so the jurisdictional analyses under state law and
23 federal due process are the same.") (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*,
24 647 F.3d 1218, 1223 (9th Cir. 2011)); *StoAmigo Int'l, LLC v. Vanbex Grp., Inc.*, No.
25 CV 19-224-MWF (KSx), 2019 WL 4418817, at *5 (C.D. Cal. May 17, 2019) (same).

26 The Due Process Clause limits a court's power to render a valid personal
27 judgment against a nonresident defendant.  *E.g.*, *World-Wide Volkswagen Corp. v.*

28

5

1    *Woodson*, 444 U.S. 286, 291 (1980).  These limits serve two purposes.  First, they

2    "protect[] the defendant against the burdens of litigating in a distant or inconvenient

3    forum."  *Id.* at 292.  Second, they prevent "the States through their courts" from

4    "reach[ing] out beyond the limits imposed on them by their status as coequal sovereigns

5    in a federal system." *Id.* at 291–93.

6         The Supreme Court has identified two categories of personal jurisdiction:

7    "general or all-purpose jurisdiction, and specific or conduct-linked jurisdiction."

8    *Daimler*, 571 U.S. at 122.  Under general jurisdiction, a company may be sued "on any

9    and all claims against it, wherever in the world the claims may arise," if it is "at home"

10   in the forum.  *Id.* at 121–22 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564

11   U.S. 915, 924 (2011).  The paradigm examples of where a company is "at home" are

12   where it is incorporated or where it has its principal place of business.

13        Under specific, or conduct-linked, jurisdiction, a suit must "relat[e]" to a

14   defendant's "in-state activity."  *Id.* at 127 (citing *Int'l Shoe Co. v. Washington*, 326 U.S.

15   310, 318 (1945)). That is, a court may exercise specific jurisdiction over a defendant

16   when that defendant has sufficient contacts with the forum and the cause of action arises

17   from those contacts.  Plaintiffs have the burden to prove facts supporting the exercise

18   of personal jurisdiction.  As discussed below, their claims fail both the general and

19   specific jurisdiction tests.  This action should be dismissed under Federal Rule of Civil

20   Procedure 12(b)(2).

21        **A.     This Court Lacks General Jurisdiction Over The Orchard**

22        Because The Orchard is neither incorporated in nor maintains its principal place

23   of business in California, it is not subject to the general personal jurisdiction of

24   California courts.

25        In *Daimler* and *Goodyear*, the Supreme Court made plain that a court cannot

26   exercise jurisdiction over a corporation simply because it does business in the forum.

27   *Daimler*, 571 U.S. at 138–39; *Goodyear*, 564 U.S. at 924.  Even a "'substantial,

28   continuous, and systematic course of business'" in the forum is not enough to subject a

6

DEFENDANT THE ORCHARD'S MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION TO DISMISS OR TRANSFER
CASE NO. 2:19-CV-07952-FMO-MAA

defendant to general jurisdiction because such an "exorbitant" and "unacceptably grasping" view of jurisdiction would contravene "the 'fair play and substantial justice' [that] due process demands." *Daimler*, 571 U.S. at 138, 139 (citation omitted).  Instead, a company is subject to general jurisdiction only where it is "at home."  *Id.* at 139.

The Orchard is not "at home" in California.  The "paradigm" example of being "at home" is a corporation that is incorporated or has its principal place of business in the forum.  *Id.* at 137; *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017); *Wells Fargo Bank, Nat'l Ass'n v. Transamerica Life Ins. Co.*, No. 2:19-cv-06791-CAS(GJSx), 2020 WL 709272, at *3 (C.D. Cal. Feb. 12, 2020).  The Orchard Enterprises is a Delaware corporation with its principal of business in New York. McCrady Decl. ¶ 6.  Orchard Enterprises, NY, is a New York corporation with its principal of business in New York.  *See id.*  Because neither The Orchard Enterprises nor Orchard Enterprises, NY is incorporated in or has its principal place of business in California, they are not subject to California courts' general personal jurisdiction.

To be sure, The Orchard conducts business in many places.  But as the Court put it in *Daimler* in rejecting the exercise of jurisdiction over an out-of-state company, a company "that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139 n.20.  If simply conducting business within a state were enough for general jurisdiction, then a plaintiff could sue "in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'" *Id.* at 138.  *Daimler* rejected that result, calling the theory on which it was based "unacceptably grasping."  *Id.*  This Court should find the same here.

## B.    This Court Lacks Specific Jurisdiction Over The Orchard

The Due Process Clause also forecloses this Court's exercise of specific jurisdiction over plaintiffs' claims.  Specific jurisdiction encompasses causes of action which "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (quoting *Daimler*, 571 U.S. at 126).  The requirement that the cause of action "arise from" a defendant's contacts with the forum distinguishes

7

DEFENDANT THE ORCHARD'S MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION TO DISMISS OR TRANSFER
CASE NO. 2:19-CV-07952-FMO-MAA

specific from general jurisdiction.   Specific jurisdiction requires "'an affiliation between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to that State's regulation." *Goodyear*, 564 U.S. at 919 (citation omitted).

To arise out of the defendant's contacts with the forum, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284.  The defendant must have established those "contacts with the forum State itself, not . . . contacts with persons who reside there." *Id.* at 285.  Such a substantial connection is present if the defendant purposefully directs its conduct towards California and the plaintiff's claim actually arises from that conduct. *Id.*; *see also In re Boon Global Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019) ("For claims sounding in contract, a purposeful availment test is used; for claims sounding in tort a purposeful direction test is used.").   And the exercise of personal jurisdiction must also be reasonable. *Asahi Metal*, 480 U.S. at 113.  None of these requirements is met here.

### 1. The Orchard Did Not Purposefully Direct Any Suit-Related Conduct Towards California

To start, The Orchard did not purposefully direct any suit-related conduct towards California, meaning it is not amenable to specific personal jurisdiction in California for any of the claims in the First Amended Complaint.

The "principal inquiry" for personal jurisdiction is "whether the defendant's activities manifest an intention to submit to the power of a sovereign." *J. McIntyre Mach.*, 564 U.S. at 882.  The Orchard's activities do not.  The Orchard is a music distributor — the entity that collects and aggregates sound recordings from a record label and provides those recordings to the Online Defendants that ultimately sell recordings to end users. *E.g.*, FAC ¶¶ 32–34.  But The Orchard does not itself sell recordings to end users; it merely is one link in placing recordings in the stream of commerce.  And none of The Orchard's conduct, as opposed to the conduct of other

entities, is connected to California.

### a. The Orchard Did Not Target California

The Orchard's music distribution efforts do not target California, so its conduct is not "purposefully directed" toward California. *J. McIntyre Mach.*, 564 U.S. at 883 (quoting *Asahi Metal*, 480 U.S. at 112). As the First Amended Complaint concedes, The Orchard "engages in the distribution of digital music to the iTunes and Google Play digital music stores" and "has delivered several million recordings to iTunes and Google Play for sale *throughout the U.S.*" FAC ¶ 32 (emphasis added). Of course, some of those distributed recordings might end up in California; they might not. Either way, "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *J. McIntyre Mach.*, 564 U.S. at 883 (approving of formulation) (quoting *Asahi Metal*, 480 U.S. at 112); *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) (adopting same formulation); *Falco v. Nissan N. Am. Inc.*, 96 F. Supp. 3d 1053, 1059 (C.D. Cal. 2015) (same). Because all that The Orchard did as a distributor was to place recordings "into the stream of commerce," it did not purposefully direct its conduct towards California and did not avail itself of the protection of California's laws. *J. McIntyre Mach.*, 564 U.S. at 883 (quoting *Asahi Metal*, 480 U.S. at 112).

The only exception to this "general rule" does not apply. *J. McIntyre Mach.*, 564 U.S. at 882. When a distributor "'seek[s] to serve' a given State's market" or otherwise targets or directs its activities at a specific state, the defendant might be said to have directed its conduct towards a state. *Id.* (quoting *World-Wide Volkswagon*, 444 U.S. at 295). But there is no allegation in the First Amended Complaint (nor could one credibly be made) that The Orchard specifically sought to serve California's market. As the Supreme Court explained in *J. McIntyre Mach.*, it is not enough that The Orchard "might have predicted that" the Subject Compositions might eventually "reach the forum State." *Id.* Instead, a defendant must "have targeted the forum." *Id.* Here, the

9

First Amended Complaint makes plain that The Orchard did not "target" California because it distributed "several million recordings to iTunes and Google Play for sale throughout the U.S." *See, e.g.*, FAC ¶ 32. Backing this up, and as explained in the Declaration of Tucker McCrady, The Orchard did not target or direct any of its activities towards California. McCrady Decl. ¶¶ 10, 11, 14.

The only remaining allegation is that The Orchard maintains an office in California. This argument is irrelevant as a legal matter because the First Amended Complaint does not allege how this office connects to plaintiffs' claims. To count for specific jurisdiction, a claim must "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (quoting *Daimler*, 571 U.S. at 127. And in all events, this argument is simply wrong as a factual matter because, as explained in the McCrady Declaration and discussed *supra* at pp. 6–7 The Orchard does not have offices in California.

### b. Personal Jurisdiction Cannot Be Based on a Defendant's Relationship with a Third Party — It Must Be Based on *the Defendant's* Contacts with the Forum

Plaintiffs also attempt to connect The Orchard to California because of its relationship with other entities — record labels or online stores — located in California. But these allegations just repeat an error the Supreme Court has twice identified in the last five years: they mistakenly focus on the defendant's contacts with a third party, rather than the defendant's contacts with the forum itself. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781; *Walden*, 571 U.S. at 286.

The First Amended Complaint alleges that "Plaintiffs' copyright infringement claims arise out of (a) the reproduction and distribution of pirated recordings . . . occurring in California, directly by Apple and Google at the purposeful direction of Orchard and Cleopatra," or "(b) transactions consummated within California by Orchard, including with Cleopatra, Apple, and Google." FAC ¶ 41. This jurisdictional allegation fails because "a defendant's relationship with a . . . third party, standing

10

DEFENDANT THE ORCHARD'S MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION TO DISMISS OR TRANSFER
CASE NO. 2:19-CV-07952-FMO-MAA

1   alone, is an insufficient basis for jurisdiction." *Bristol-Myers Squibb*, 137 S. Ct. at 1781
2   (quoting *Walden*, 571 U.S. at 286).  What matters instead is the defendant's contacts
3   with the *forum*, not with a party that lives in the forum.  But the First Amended
4   Complaint does not point to conduct of The Orchard in California.  In fact, other than
5   alleging the location of some other entities in California with whom The Orchard had
6   relationships, it points to nothing in California at all.  And The Orchard's business
7   contacts with Defendants Apple, Google, and Cleopatra Records took place from New
8   York.  McCrady Decl. ¶ 10, 11. This is not enough.

9       Indeed, in rejecting this same argument in *Walden*, the Supreme Court explained
10  that specific personal jurisdiction cannot be based simply on the fact that one of the
11  parties to the suit resided in the forum state and the defendant had contacts with that
12  party.  As the Court explained, "[d]ue process requires that a defendant be haled into
13  court in a forum State based on his own affiliation with the State, not based on the
14  'random, fortuitous, or attenuated' contacts he makes by interacting with other persons
15  affiliated with the State." *Walden*, 571 U.S. at 286 (quoting *Burger King Corp. v.*
16  *Rudzewicz*, 471 U.S. 462, 475 (1985)).  For personal jurisdiction, therefore, the location
17  of Cleopatra Records, Apple, or Google is "random, fortuitous, or attenuated" and
18  inconsequential to the specific jurisdiction analysis.  *Id.*

19      **c.  The Orchard Did Not Reproduce or Distribute Subject Compositions in**
20      **California**

21      The only other relevant conduct that the First Amended Complaint alleges is that
22  The Orchard engaged in the unlawful exportation of the plaintiffs' musical works.  But
23  these thin allegations, too, fail to tether any infringing conduct to California.  In the
24  words of the First Amended Complaint, The Orchard has "unlawfully authorized
25  exportation by Apple and Google of the phonorecords embodying the Subject
26  Compositions listed on Exhibits B and C to their foreign online stores." FAC ¶ 99; *see*
27  *also id.* ¶¶ 96–98, 100.  But it does not allege any connection between this activity by
28  The Orchard and California.  As in *Bristol-Myers Squibb*, "[w]hat is needed — and

11

1  what is missing here — is a connection between the forum and the specific claims at
2  issue." 137 S. Ct. at 1781.

3  ### d.  Alleging Harm In California Is Not Dispositive of Personal Jurisdiction

4  Plaintiffs — Four Jays Music Company and Julia Riva — are a California
5  corporation and California resident who have allegedly suffered harm in California; but
6  that is not sufficient to establish personal jurisdiction.  FAC ¶ 25.  (Four Jays is a holding
7  company for IP rights, and the FAC does not state where the beneficiaries of that entity
8  reside.)  While harm is "necessary" to find purposeful direction, even if harm in the
9  forum exists, it is not dispositive of the jurisdictional analysis.  *See Axiom Foods, Inc.*
10 *v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (determining that specific
11 jurisdiction requires courts to "look to the defendant's 'own contacts' with the forum,"
12 not merely "to the defendant's knowledge of a plaintiff's connections to a forum" and
13 of the "'foreseeable harm'" that the plaintiff allegedly suffered in the forum (quoting
14 *Walden*, 571 U.S. at 287–89)); *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1144 (9th
15 Cir. 2017) ("Harm suffered in the forum state is a *necessary* element in establishing
16 purposeful direction.") (emphasis added).  The Supreme Court explained in *Walden* that

17     [r]egardless of where a plaintiff lives or works, an injury is jurisdictionally
18     relevant only insofar as it shows that the defendant has formed a contact
19     with the forum State.  The proper question is not where the plaintiff
20     experienced a particular injury or effect but whether the defendant's
21     conduct connects him to the forum in a meaningful way.

22 571 U.S. at 290.  None of the allegations in the First Amended Complaint show that
23 The Orchard had "meaningful" contacts with California so as to permit the exercise of
24 personal jurisdiction.

25 ### e.  Plaintiffs Cannot Bootstrap Their Way To Personal Jurisdiction

26 Plaintiffs cannot bootstrap their way to personal jurisdiction over The Orchard
27 just because they have named other defendants for whom personal jurisdiction may be
28

12

appropriate.  Specific jurisdiction is a defendant-by-defendant, claim-by-claim inquiry.
Each plaintiff must establish specific jurisdiction over each defendant for each of its
claims.  *Bristol-Myers Squibb*, 137 S. Ct. at 1783 ("The requirements of [personal
jurisdiction] . . . must be met as to each defendant over whom a state court exercises
jurisdiction.") (quoting *Rush*, 444 U.S. at 332); *id.* at 1781 ("In order for a court to
exercise specific jurisdiction over a *claim* . . . .") (emphasis added).

### 2.  The Exercise Of Personal Jurisdiction In California Is Unreasonable

Even were the Court to find some basis for general or specific jurisdiction,
dismissal for lack of personal jurisdiction would still be justified because the exercise
of jurisdiction in California is unreasonable.  In determining whether the exercise of
jurisdiction comports with "fair play and substantial justice," and is therefore
"reasonable," the Ninth Circuit has developed seven factors: (1) the extent of the
defendants' purposeful injection into the forum state's affairs, (2) the burden on the
defendant of defending in the forum, (3) the extent of conflict with the sovereignty of
the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the
most efficient judicial resolution of the controversy, (6) the importance of the forum to
the plaintiff's interest in convenient and effective relief, and (7) the existence of an
alternative forum.  *See Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d
597, 607 (9th Cir. 2018); *Dole Food Co. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002).

Each of these factors suggests jurisdiction in California is unreasonable:

- The Orchard does not have any suit-related conduct in California. As
  explained above, it took actions in New York and did not aim its conduct
  towards California at all.

- As to burden, the relevant witnesses to this action from The Orchard are
  all located in New York.  Moreover, this case is complex, involves
  numerous parties and is likely to require a lengthy trial.  Subjecting the
  Orchard to a three- to four-week trial on the other side of the country would

---

13

1      be burdensome.

2          • Although California has an interest in providing a forum to redress injuries
3            suffered by its citizens, California has no interest in providing a forum to
4            adjudicate claims allegedly inflicted by out-of-state defendants through
5            out-of-state conduct.  Adjudication in California is not necessary to ensure
6            California's sovereignty in this matter, and California's interest in
7            adjudicating the suit is minimal.

8          • Adjudication in New York would be more efficient because The Orchard's
9            witnesses and documents are located there, as are critical third-party
10           witnesses related to the Harry Fox Agency.  Few witnesses and documents
11           will be necessary in this case from the plaintiffs.

12         • The forum is not more "convenient" for plaintiffs either.  While one of
13           plaintiffs is nominally located in California, it is a holding company for IP
14           rights, and there is no mention in the FAC about where the beneficiaries of
15           that entity actually reside.  Moreover, plaintiffs have chosen New York-
16           based counsel.

17         • Finally, nothing prevented plaintiffs from suing where their claims arose,
18           and New York courts have a much stronger interest in adjudicating the
19           claims.  A perfectly suitable alternative forum exists.

20      Given that California's "interest in adjudicating [a] dispute" about out-of-state
21 injuries is low and the burden would be substantially lessened by hearing these claims
22 in New York, the exercise of jurisdiction here would be unreasonable.  *Burger King
23 Corp.*, 471 U.S. at 477 (quoting *World-Wide Volkswagon*, 444 U.S. at 292).

24                           *     *     *     *     *

25      In short, plaintiffs have not established personal jurisdiction over The Orchard
26 for any of their claims.  To the extent they make jurisdictional allegations at all, they
27 focus on The Orchard's relationship with jurisdictionally irrelevant third parties, rather
28 than The Orchard's relationship with California.  Due Process demands more.

14

DEFENDANT THE ORCHARD'S MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION TO DISMISS OR TRANSFER
CASE NO. 2:19-CV-07952-FMO-MAA

## II.    This Is An Improper Venue

Lack of personal jurisdiction is not the only problem.  This forum is also the wrong venue to hear these claims.

In copyright infringement actions, venue is proper "in the district in which the defendant . . . resides or may be found."  28 U.S.C. § 1400(a).  That means that venue is proper "in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction." *Moderustic, Inc. v. Exotic Fire Glass*, No. 517CV01868ODWSPX, 2017 WL 10434397, at *2 (C.D. Cal. Nov. 29, 2017) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010)); *see also Blackman v. Teespring, Inc.*, No. 2:18-cv-8357-CBM-AGR, 2019 WL 7832605, at *1 (C.D. Cal. Mar. 19, 2019) (same).  As explained in Section I, the First Amended Complaint has failed to identify any contacts between The Orchard and California, much less any contacts between *this* judicial district and The Orchard. Because The Orchard is not subject to California's personal jurisdiction for these claims, The Orchard does not "reside[] [n]or may be found" in this district.

We note, in addition, that both Apple and Google are based in the Northern District of California, not this district.

## III.    Rather Than Decide Personal Jurisdiction and Venue, the Court Should Transfer Plaintiffs' Lawsuit to the Southern District of New York — the Venue Where The Orchard Resides

Rather than decide personal jurisdiction and venue, this court should transfer this action to the Southern District of New York under 28 U.S.C. § 1404.  The Orchard is a New York company and its relevant witnesses and documents are in New York, making transfer to the Southern District appropriate.  Likewise, relevant third-party witnesses, such as from The Harry Fox Agency, are located in New York.  Not only would transfer be more convenient for witnesses and in the interest of justice, but it would streamline these proceedings because Google, Apple, and Cleopatra consent to the transfer of this case to the Southern District of New York.  And if the court chooses to transfer this

15

action under § 1404, it may do so without first deciding whether The Orchard is subject to personal jurisdiction.

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).   In weighing transfer, courts consider two broad categories of factors: (1) the convenience of parties and witnesses; and (2) the interests of justice.  *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62–63 (2013); *Synoptek, LLC v. Synaptek Corp.*, 326 F Supp. 3d 976, 986 (C.D. Cal. 2017); *Safarian v. Maserati N. Am., Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008).  None of the factors is given dispositive weight, *see In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004), and the court is not limited to these factors but rather must evaluate transfer based on a case-by-case consideration of convenience and fairness.  *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (characterizing the inquiry as "flexible and individualized"); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759 (C.D. Cal. 2016).  This action "might have been brought" in the Southern District of New York, so transfer there is appropriate.  There is no question that plaintiffs could have sued in the Southern District of New York because The Orchard maintains its principal place of business there.

### A.    The Convenience-of-Parties Factors Point to New York

The convenience-of-parties factors favor New York.  The convenience-of-parties factors include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Atl. Marine Const. Co.*, 571 U.S. at 62 n.6 (internal quotation marks omitted).

### 1.  Access to Sources of Proof Is Easier In New York

To start, New York provides easier access to sources of proof.  The Orchard is based in New York, and its music distribution practice is centered in New York.  All employees at The Orchard involved in music distribution are based in New York.  McCrady Decl. ¶ 10.  Moreover, the Orchard's negotiations with Apple, Google, and Cleopatra all took place from New York.  *See id.*  The witnesses relevant to this case are in New York, and the documents that The Orchard would produce are likewise located there.  *See* McCrady Decl. ¶ 13 ("[T]he custodians responsible for maintaining electronic versions of the documents used by The Orchard's music licensing team are primarily based in New York (with none in California).").

Hearing this case in New York would make it easier to access sources of proof, and the ease to witnesses would reduce litigation costs.  *Jacob v. Rusk*, No. CV 16-0825 FMO (JCx), 2016 WL 9136169, at *6 (C.D. Cal. Nov. 9, 2016) ("'Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify, and the convenience of witnesses is often the most important factor in resolving a motion to transfer.'" (citation omitted)); *see also Rubio*, 181 F. Supp. 3d at 763 (citing *A.J. Indus. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 503 F.2d 384, 386–87 (9th Cir. 1974)).  By contrast, no employee or relevant documents from The Orchard are in California.

### 2.  The Ability to Obtain Compulsory Process Favors New York

Likewise, the ability to obtain compulsory process from third parties (and easier access to evidence from third parties) points to New York.  In fact, "[t]he convenience of non-party witnesses is a more important factor than the convenience of party witnesses."  *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009).

Plaintiffs' claims depend on a theory that licenses obtained from the Harry Fox Agency were invalid.  *See* FAC ¶¶ 74–75.  The Harry Fox Agency is based in New York, and the relevant witnesses from that third party are all located in New York.  McCrady Decl. ¶ 12.  If the case proceeded to trial, The Orchard would intend to call

17

employees from the Harry Fox Agency to discuss The Orchard's efforts to obtain licenses. But potential witnesses generally do not jump at the opportunity to testify, particularly far from home. And The Orchard cannot force them to do so, because Rule 45 limits a court's subpoena power over out-of-state third-party witnesses to "within 100 miles of where the person resides." *See* Fed. R. Civ. P. 45(c)(1)(A); *see also id.* 45(c)(1)(B) ("A subpoena may command a person to attend a trial . . . within the state where the person resides . . . ."). The key non-party witnesses from the Harry Fox Agency would be subject to the subpoena power of the Southern District of New York, but they are not subject to the subpoena power of this court. *Rubio*, 181 F. Supp. 3d at 763–64 (determining that the fact that "key" witnesses were located outside of the region subject to the court's subpoena power weighed in favor of transferring the case to a district that would have subpoena power over the witnesses); *Zaccarello v. Medtronic, Inc.*, No. CV 12-8144 FMO (Ex), 2013 WL 12131577, at *4 (C.D. Cal. Nov. 25, 2013) ("Because any non-party witnesses residing in Missouri are beyond the reach of the court's subpoena power, this factor weighs in favor of transferring the case to the district where non-party witnesses are subject to the compulsory process necessary to compel attendance of unwilling witnesses."). The inability to secure the live testimony of out-of-state witnesses impairs The Orchard's ability to defend itself.

### 3. Plaintiffs' Choice of Forum Is Entitled To Only Minimal Consideration

The plaintiffs' choice of forum counts as part of the analysis, but plaintiffs' choice here "is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see also Gerson v. Logan River Academy*, No. 2:19-cv-05008-ODW (JPRx), 2020 WL 473134, at *2 (C.D. Cal. Jan. 29, 2020) ("'[D]eference to the plaintiff's choice of forum is diminished if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the

18

DEFENDANT THE ORCHARD'S MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION TO DISMISS OR TRANSFER
CASE NO. 2:19-CV-07952-FMO-MAA

litigation is not substantially connected to the forum.'" (citation omitted)). Nothing in the First Amended Complaint identifies any special connection to California. Moreover, hearing this case in New York would not inconvenience plaintiffs. The plaintiffs' lead counsel is located in New York. When "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiffs'] choice is entitled to only minimal consideration." *Lou*, 834 F.2d at 739.

### B.   The Public-Interest Factors Also Favor New York

The so-called public-interest factors favor New York as well. Those factors "include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Const. Co.*, 571 U.S. at 62 n.6 (internal quotation marks omitted).

Because The Orchard is located in New York, the Southern District of New York has a substantial "local interest" in plaintiffs' claims. On the other hand, there is no connection between The Orchard and the Central District of California. The Southern District has special familiarity not just with copyright law but with these particular claims, as plaintiffs' counsel here previously filed a suit making substantially the same types of claims against many of the same defendants in the Southern District of New York. *See Blagman v. Apple, Inc.*, No. 2012-cv-05453 (S.D.N.Y. filed July 13, 2012).

## **CONCLUSION**

This case should be dismissed for lack of personal jurisdiction and venue.  But instead of deciding the personal jurisdiction and venue questions, the court should just transfer venue to the Southern District of New York, the district where The Orchard resides or may be found, and where Google, Apple, and Cleopatra Records have also consented to transfer.


DATED: March 3, 2020              **KING & SPALDING LLP**

By: */s/ Kenneth L. Steinthal*
       Kenneth L. Steinthal
       Attorney for Defendants The Orchard
       Enterprises, Inc. and Orchard Enterprises,
       NY, Inc.