John Nadolenco (SBN 181128)
jnadolenco@mayerbrown.com
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

A. John P. Mancini (*Pro Hac Vice*)
jmancini@mayerbrown.com
Olena V. Ripnick-O'Farrell
oripnick-ofarrell@mayerbrown.com (*Pro Hac Vice*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10021
Telephone: (212) 506-2500
Facsimile: (212) 849-5895

*Attorneys for Defendant GOOGLE LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| FOUR JAYS MUSIC COMPANY, et al., | Case No. 2:19-cv-07952-FMO-MAA |
| Plaintiffs, | **DEFENDANT GOOGLE LLC'S APPLICATION TO FILE UNDER SEAL PORTIONS OF ITS FED. R. CIV. P. 12(B)(3) MOTION TO DISMISS, OR, IN THE ALTERNATIVE TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK** |
| v. | |
| APPLE INC., et al., | |
| Defendants. | |

Pursuant to Local Rule 79-5.2.2(a), Defendant Google LLC ("Google") hereby applies to file under seal: (i) <u>Exhibit A</u> to the Declaration of Waleed Diab (the "Diab Declaration"), a content license agreement between Google and the Orchard, its co-defendant in this action, that concerns the distribution of musical works from the Orchard on the Google Play Music service (the "Agreement"); and (ii) portions of the Diab Declaration and Google's Motion to Dismiss for Improper Venue or, In the Alternative, Transfer Venue to the Southern District of New York (the "Motion to Dismiss") that reference, describe or quote from the Agreement.

Local Rule 79-5.1 provides that no document shall be filed under seal unless the Court has issued an order providing for filing of the document under seal. Pursuant to Federal Rule of Civil Procedure 26(c), the Court has broad discretion to permit sealing of documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). "Generally a trade secret relates to the production of goods...It may, however, relate to the sale of goods or to other operations in the business." *Johnson v. Quantum Learning Network, Inc.*, 2016 U.S. Dist. LEXIS 111723, at *4 (N.D. Cal. Aug. 22, 2016) (quoting *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)). Good cause to seal is generally found where the disclosure of proprietary information could cause a party competitive injury. *Model Drug, Inc. v. Amerisourcebergen Drug Corp.*, 2013 U.S. Dist. LEXIS 169496, at *5 (E.D. Cal. Nov. 26, 2013) (granting request to seal agreements between plaintiff and defendant that contained confidentiality clause and proprietary business information).

Google seeks leave to file under seal the Agreement and the portions of its Motion to Dismiss and the Diab Declaration that reference, describe or quote from the Agreement because the Agreement contains a Confidentiality Provision that prohibits any party to the agreement from disclosing the terms to anyone except as required by law. Google believes that it may be in breach of the Agreement if the

Agreement and these portions of its Motion to Dismiss and the Diab Declaration are not filed under seal.

In addition, the Agreement contains sensitive commercial information concerning the operation of Google Play Music, including technical specifications and pricing and commercial terms. Accordingly, to protect trade secrets belonging to both Google and the Orchard, Google submits the Agreement and the portions of its Motion to Dismiss and the Diab Declaration that reference, describe or quote from the Agreement to be filed under seal.

On February 27, 2020, counsel for Google contacted Plaintiff's counsel via email to inform them of its sealing application and ask if they would oppose such application. Counsel for Plaintiff responded that it needed to review the Agreement before it would consent to Google filing the agreement under seal. Google's counsel explained that the broad confidentiality provision in the Agreement precluded it from being shared with counsel for Plaintiff in the current circumstances, particularly as there is currently no protective order in place in this action. Plaintiff's counsel subsequently stated that it did not consent to Google's application because it was not provided a copy beforehand to assess its confidentiality.

In light of the foregoing, Google respectfully requests that the Court grant its application to file under seal (i) the Agreement; and (ii) those portions of the Motion to Dismiss and the Diab Declaration that reference, describe or quote from the Agreement.

| | | |
|---|---|---|
| Dated: | March 3, 2020 | Respectfully submitted, |
| | | MAYER BROWN LLP |
| | | JOHN NADOLENCO |
| | | A. JOHN P. MANCINI |
| | | OLENA V. RIPNICK-O'FARRELL |
| | | |
| | | By: */s/ John Nadolenco* |
| | |     John Nadolenco |
| | | |
| | | *Attorneys for Defendant GOOGLE LLC* |