John Nadolenco (SBN 181128)
jnadolenco@mayerbrown.com
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

A. John P. Mancini (*Pro Hac Vice*)
jmancini@mayerbrown.com
Olena V. Ripnick-O'Farrell
oripnick-ofarrell@mayerbrown.com (*Pro Hac Vice*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10021
Telephone: (212) 506-2500
Facsimile: (212) 849-5895

*Attorneys for Defendant GOOGLE LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| FOUR JAYS MUSIC COMPANY, et al.,<br><br>                    Plaintiffs,<br><br>       v.<br><br>APPLE INC., et al.,<br><br>                    Defendants. | Case No. 2:19-cv-07952-FMO-MAA<br><br>**DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK**<br><br>Hearing Date: April 9, 2020<br>Time: 10:00 am<br>Judge: Hon. Fernando M. Olguin<br><br>[*Filed concurrently with Declarations of Waleed Diab and Brandon Bilinski and [Proposed] Order*] |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

# NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT** in the courtroom of the Honorable Fernando M. Olguin, United States Courthouse, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, CA 90012, on April 9, 2020 at 10:00 a.m., or as soon thereafter as may be heard,  Defendant Google LLC ("Google"), by and through its undersigned counsel, respectfully submits this memorandum of points and authorities in support of its motion to dismiss Plaintiffs' First Amended Complaint (the "FAC") for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer this action on *forum non conveniens* grounds pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) to the Southern District of New York.

Dated:          March 3, 2020                    Respectfully submitted,

                                                  MAYER BROWN LLP
                                                  JOHN NADOLENCO
                                                  A. JOHN P. MANCINI
                                                  OLENA V. RIPNICK-O'FARRELL


                                                  By: */s/ John Nadolenco*
                                                       John Nadolenco

                                                  *Attorneys for Defendant GOOGLE LLC*

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT .................................................................. 1

FACTUAL BACKGROUND .................................................................... 1

LEGAL STANDARD ............................................................................ 2

ARGUMENT ...................................................................................... 3

I.   GOOGLE IS NOT SUBJECT TO PERSONAL JURISDICTION IN THE CENTRAL DISTRICT OF CALIFORNIA AND VENUE IN THIS DISTRICT IS THEREFORE IMPROPER ................................. 4

   A.   Google's Contacts with the Central District of California Are Insufficient to Establish General Jurisdiction ....................... 4

   B.   Google's Contacts with the Central District of California Are Insufficient to Establish Specific Jurisdiction ..................... 5

      1.   Google Did Not Purposefully Direct Its Activities to the Central District of California ................................. 6

         i.   Google Did Not Expressly Aim Its Conduct At the Central District of California ............................. 6

         ii.   Google Did Not Cause Foreseeable Harm in the Central District of California .......................... 10

      2.   Google's Activities in the Central District of California Did Not Give Rise to Plaintiffs' Allegations ........................ 10

II.   ALTERNATIVELY, THE COURT SHOULD TRANSFER THE CASE TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C ....................................................... 11

   A.   Plaintiffs Could Have Brought the Action in the Southern District of New York ..................................................... 12

   B.   The Southern District of New York Is a Far More Convenient Forum for the Parties and Witnesses .................................. 14

   C.   The "Interests of Justice" Favor Transfer to Southern District of New York ............................................................... 14

      1.   Transfer Promotes Judicial Efficiency by Bypassing Difficult Questions of Personal Jurisdiction and Venue ......... 14

      2.   The Deference Accorded to Plaintiff's Choice of Forum Is "Substantially Reduced" ............................................ 16

      3.   The Remaining "Interest of Justice" Factors Favor Transfer or Are Neutral ............................................. 17

CONCLUSION ................................................................................ 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*,
  2015 U.S. Dist. LEXIS 137153 (N.D. Cal. Oct. 7, 2015) .................................... 7

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
  751 F.3d 796 (7th Cir. 2014) ............................................................... 8, 9

*Amini Innovation Corp. v. JS Imps., Inc.*,
  497 F. Supp. 2d 1093 (C.D. Cal. 2007) ............................................... 14

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. Of Texas*,
  134 S. Ct. 568 .......................................................................................... 18

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017) ............................................................ 5, 6

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ................................................................ 7

*Brackett v. Hilton Hotels Corp.*,
  619 F. Supp. 2d 810 (N.D. Cal. 2008) ............................................ 17, 18

*Brayton Purcell LLP v. Recordon*,
  606 F.3d 1124 (9th Cir. 2010) ................................................................ 8

*Bristol-Meyers Squibb Co. v. Superior Ct.*,
  137 S. Ct. 1773 (2017) ............................................................................ 5

*Bubble Genius LLC v. Smith*,
  2015 U.S. Dist. LEXIS 93492 (C.D. Cal. July 17, 2015) ..................... 9

*Calder v. Jones*,
  465 U.S. 783 (1984) ............................................................................ 6, 9

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ................................................................................ 4

*Dole Food Co., Inc. v. Watts*,
  303 F.3d 1104 (9th Cir. 2002) ................................................................ 5

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*ESPN, Inc. v. Quiksilver, Inc.*,
   581 F. Supp. 2d 542 (S.D.N.Y. 2008) ................................................................. 18

*Ferrick v. Spotify United States*,
   2016 U.S. Dist. LEXIS 197696 (C.D. Cal. Oct. 26, 2016) .......................... 12, 18

*Flynn v. Greg Anthony Construction Co., Inc.*,
   95 Fed. App'x 726 (6th Cir. 2003) ..................................................................... 15

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ............................................................................................. 5

*Gullen v. Facebook, Inc.*
   2016 U.S. Dist. LEXIS 6958 (N.D. Ill. Jan. 21, 2016) ......................................... 8

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
   485 F.3d 450 (9th Cir. 2007) ................................................................................ 8

*Imageline, Inc. v. Hendricks*,
   2009 U.S. Dist. LEXIS 71125 (C.D. Cal. Aug. 12, 2009) ............................. 7, 10

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ............................................................................................. 4

*Jacob v. Rusk*,
   2016 U.S. Dist. LEXIS 189108 (C.D. Cal. Nov. 9, 2016) ................................. 17

*Jewell v. Music Lifeboat*,
   254 F. Supp. 3d 410 (E.D.N.Y. 2017) ................................................................ 16

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) .............................................................................. 12

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) .............................................................................. 16

*Mavrix Photo, Inc. v. Brand Tech., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) .............................................................................. 6

*Multistate Legal Studies, Inc. v. Marino*,
   1996 U.S. Dist. LEXIS 20752 (C.D. Cal. Nov. 4, 1996) .............................. 11, 15

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Park v. Dole Fresh Vegetables, Inc.*,
   964 F.Supp.2d 1088 (N.D. Cal. 2013)) ............................................................. 17

*Pfeifer v. Himax Techs., Inc.*,
   530 F. Supp. 2d 1121 (C.D. Cal. 2008) ............................................................. 11

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) .............................................................................. 8

*Premier Fabrics, Inc. v. Walters and Mason Retail, Inc.*,
   2018 WL 6164766 (C.D. Cal. Aug. 1, 2018) ............................................ 2, 6, 10

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) .............................................................................. 5

*Ruhrgas AG v. Marathon Oil Co.*,
   526 U.S. 574 (1999) ............................................................................................ 14

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ......................................................................... 5, 10

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
   549 U.S. 422 (2007) ............................................................................................ 14

*Softmaker Software GMBH v. Third Scroll Products LLC*,
   2011 U.S. Dist. LEXIS 134024 (S.D. Cal. Nov. 21, 2011) ........................... 3, 17

*Sparling v. Hoffman Constr. Co.*,
   864 F.2d 635 (9th Cir. 1988) ................................................................................ 3

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ................................................................................................ 3

*Sunbelt Corp. v. Noble, Denton & Assocs., Inc*,
   5 F.3d 28 (3d Cir. 1993) ..................................................................................... 16

*Unicolors Inc. v. Myth Clothing Co. Inc.*,
   2016 U.S. Dist. LEXIS 21968 (C.D. Cal. Feb. 22, 2016) ............................ *passim*

*Walden v. Fiore*,
   571 U.S. 277 (2014) ..................................................................................... 5, 7, 8

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*In re Yahoo! Inc.*,
    2008 U.S. Dist. LEXIS 20605 (C.D. Cal. Mar. 10, 2008) .................................. 11

**Statutes**

17 U.S.C. § 101 ............................................................................................................ 12

17 U.S.C. § 106 ............................................................................................................ 12

17 U.S.C. § 115 ............................................................................................................ 12

17 U.S.C. § 501 ............................................................................................................ 12

17 U.S.C. § 602 ............................................................................................................ 12

28 U.S.C. § 1331 .......................................................................................................... 12

28 U.S.C. § 1400 ............................................................................................................ 2

28 U.S.C. § 1404 ..................................................................................................*passim*

28 U.S.C. § 1406 ..................................................................................................*passim*

**Rules**

Fed. R. Civ. Pro. 12 ...........................................................................................2, 3, 19

## PRELIMINARY STATEMENT

Venue is improper and inconvenient in the Central District of California as to Google.  Its principle place of business is not located here; it did not expressly aim its activities relating to Google Play Music here; and it has no relevant contacts with this District that relate to the claims brought by Plaintiffs in this action. Further, the key witnesses, the documentary evidence, and the information relevant to Plaintiffs' allegations and critical to Google's defenses are not located in this District, but rather, they are located in the Southern District of New York.

Google does not belong here, and the Court should dismiss the Complaint for improper venue or, in the alternative, transfer it to the Southern District of New York, a far more convenient and just forum for the adjudication of this litigation.

## FACTUAL BACKGROUND

Plaintiffs Four Jays Music Company and Julia Riva ("Plaintiffs") filed this litigation against Apple Inc., The Orchard Enterprises, Inc., Orchard Enterprises, NY, Inc., and Cleopatra Records, Inc. (the "Initial Defendants") on September 13, 2019.  (ECF No. 1).  On October 25, 2019, Plaintiffs filed the FAC, which added Google as a defendant in this action (together with Initial Defendants, "Defendants").  (ECF No. 20).  The FAC alleges that Defendants have infringed musical compositions in which Plaintiffs claim a copyright interest.  (*Id.*).

Plaintiffs allege that the Central District of California is the proper venue for this action because: (i) "Plaintiffs and Cleopatra are both located in this Judicial District;" (ii) "Defendants are all subject to personal jurisdiction in this Judicial District;" (iii) "[Defendants] have committed unlawful acts of infringement in this Judicial District;" and (iv) "Defendants all have places of business in this Judicial District." (ECF No. 20 (FAC) ¶ 43).

The Central District of California is not a proper venue for Google.  Google does not have its principle place of business in this District, and it has no relevant suit-related contacts here.  As such, Google's contacts are insufficient to establish

general or specific jurisdiction in the Central District of California, and venue is therefore improper.  Further, the key witnesses, evidence, and information relevant to Plaintiffs' allegations and critical to Google's defenses are located in the Southern District of New York, not in this District.  Accordingly, the court should dismiss this case for improper venue pursuant to Fed. R. Civ. Pro. 12(b)(3), or, in the alternative, transfer this action on *forum non conveniens* grounds to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).

## **LEGAL STANDARD**

Venue in a copyright action is governed by 28 U.S.C. § 1400(a), which provides that "[c]ivil actions . . . arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a); *see also, e.g., Unicolors Inc. v. Myth Clothing Co. Inc.*, No CV15-9419-CAS(JCX), 2016 U.S. Dist. LEXIS 21968, at *8 (C.D. Cal. Feb. 22, 2016) (copyright infringement claims governed by special venue provisions of the Copyright Act) (internal citations omitted).

In a multi-district state such as California, a defendant "may be found" in a particular district only where its contacts *with the particular district* would support personal jurisdiction.  *See, e.g., Premier Fabrics, Inc. v. Walters and Mason Retail, Inc.*, No. CV-18-2126-JFW(SKX), 2018 WL 6164766, at *8 (C.D. Cal. Aug. 1, 2018) (Ninth Circuit "interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction.") (internal citations omitted); *Unicolors Inc.* 2016 U.S. Dist. LEXIS 21968, at *10 ("[F]or purposes of venue, the relevant inquiry is whether personal jurisdiction would be appropriate in a given judicial district, were that district treated as a separate state.").  In other words, the venue analysis here is whether Google – regardless of its contacts elsewhere in the state – would be subject to personal jurisdiction in the Central District of California.

Where venue is improper, the court has "significant discretion" to dismiss or transfer the action. *Unicolors Inc.,* 2016 U.S. Dist. LEXIS 21968, at \*19 (internal citations omitted); *see* 28 U.S.C. § 1406(a) (where a case is filed in "the wrong division or district" the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

In addition, pursuant to 28 U.S.C. § 1404(a), and even where venue is proper, a district court may transfer a civil action to any other district where it could have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see Softmaker Software GMBH v. Third Scroll Products LLC*, No. 11cv01577 BTM(RBB), 2011 U.S. Dist. LEXIS 134024, at \*7-8 (S.D. Cal. Nov. 21, 2011) (transferring venue in copyright based in large part on the "greater convenience to Defendants" pursuant to 28 U.S.C. § 1404(a)). Transfer pursuant to 28 U.S.C. § 1404(a) is appropriate so long as "an individualized, case-by-case consideration of convenience and fairness" favors transfer. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The decision to transfer lies within the sound discretion of the trial judge. *See Unicolors Inc.,* 2016 U.S. Dist. LEXIS 21968, at \*7 (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988)).

## **ARGUMENT**

Venue in the Central District of California is proper only if Google's contacts with this District would subject it to personal jurisdiction here. Google is neither subject to general jurisdiction in this District, nor does it have suit-related contacts in this District. Accordingly, venue in this District is improper. Plaintiffs' thin, conclusory allegations relating to the purported basis for jurisdiction over Google in the Central District of California fail to establish otherwise. Accordingly, the Court should dismiss the Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). In the alternative, the Court should transfer this action on *forum non*

*conveniens* grounds pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) to the Southern District of New York, which is a far more convenient and just venue for this litigation.

## I.   GOOGLE IS NOT SUBJECT TO PERSONAL JURISDICTION IN THE CENTRAL DISTRICT OF CALIFORNIA AND VENUE IN THIS DISTRICT IS THEREFORE IMPROPER.

For this Court to exercise personal jurisdiction over Google, due process requires that Google have sufficient "minimum contacts" with the district such that maintaining the suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A court may exercise personal jurisdiction under two recognized bases: (i) general jurisdiction, which permits a defendant to be sued "on any and all claims against it, wherever in the world the claims may arise," if it is "at home" in the forum, *Daimler AG v. Bauman*, 571 U.S. 117, 121-22 (2014); and (ii) specific jurisdiction, which permits a defendant to be sued when "the in-state activities of the corporate defendant 'ha[d] not only been continuous and systematic, but also g[a]ve rise to the liabilities sued on,'" *id*. at 126 (quoting *Int'l Shoe Co*., 326 U.S. at 317).

Plaintiffs bear the burden of establishing that jurisdiction is proper. *See, e.g., id*. at *2 (internal citations omitted).  Under either theory, they have not—and cannot—do so.

### A.   Google's Contacts with the Central District of California Are Insufficient to Establish General Jurisdiction.

General jurisdiction is appropriate only if Google's "affiliations with [this District] are so 'continuous and systematic' as to render [it] essentially at home" here.  *Daimler AG*, 571 U.S. at 139 (internal citations omitted).  As a corporate defendant, the two places where Google is "essentially at home," and thus subject to general jurisdiction, are its place of incorporation (Delaware) and its principal

place of business (Mountain View, California). *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (citing *Daimler AG*, 571 U.S. at 139 n.19). Accordingly, Google is subject to general jurisdiction only in the District of Delaware and the Northern District of California—and not in this District. (Declaration of Brandon Bilinski ("Bilinski Decl.") ¶ 4).

**B.      Google's Contacts with the Central District of California Are Insufficient to Establish Specific Jurisdiction.**

Due process permits this court to exercise specific jurisdiction only if Google's "suit-related conduct . . . create[s] a substantial connection with the forum [s]tate." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also Bristol-Meyers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1780 (2017) (plaintiff's suit must arise out of or relate to defendant's contacts with the forum for a court to exercise specific jurisdiction).

The Ninth Circuit applies a three-part test to determine whether a court has specific jurisdiction: (i) the defendant must either "purposefully direct his activities" or consummate some transaction with the forum or resident thereof, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (ii) the plaintiff's claim "must be one which arises out of or relates to the defendant's forum-related activities"; and (iii) "the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable." *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). The plaintiff bears the burden of satisfying the first two prongs of the test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

### 1. Google Did Not Purposefully Direct Its Activities to the Central District of California.

The first prong of the Ninth Circuit's specific jurisdiction test asks whether Google "purposefully directed" its activities to this District. *See, e.g., Unicolors Inc.*, 2016 U.S. Dist. LEXIS 21968, at *12 ("Courts agree that claims for copyright infringement . . . sound in tort; therefore, a purposeful direction analysis is appropriate here.") (citing *Mavrix Photo, Inc. v. Brand Tech., Inc*., 647 F.3d 1218, 1228 (9th Cir. 2011)); *see also Premier Fabrics*, 2018 WL 6164766, at *5 (applying purposeful direction test in copyright infringement action).

"The test [for purposeful direction], often referred to as the 'effects' test, derives from [the Supreme Court's decision in] *Calder v. Jones*, 465 U.S. 783 (1984). *Axiom Foods, Inc.*, 874 F.3d at 1069. A defendant has "purposefully directed" its activities to a particular district only where the defendant: (i) commits an intentional act; (ii) expressly aimed at the forum state; (iii) causing harm that the defendant knows is likely to be suffered in the forum state. *Id*. Because Google neither expressly aimed its conduct at this District, nor caused harm it knew was likely to be suffered here—and Plaintiffs do not allege *any* facts demonstrating otherwise—the first prong of the Ninth Circuit's specific jurisdiction test fails.

### i. Google Did Not Expressly Aim Its Conduct at the Central District of California.

In analyzing the "express aiming" requirement of whether a defendant has purposefully directed its activities to the forum district, courts focus on a defendant's "own contacts" with the forum. *See, e.g., Premier Fabrics*, 2018 WL 6164766, at *5 (internal citations omitted).

Critically, Plaintiffs fail to plead *any* specific facts relating to Google's alleged contacts with this District. Plaintiffs allege only that Google that owns and operates Google Play Music ("GPM"), through which it sells permanent downloads. (ECF No. 20 (FAC) ¶ 27).

Reading this allegation in the light most favorable to Plaintiffs, Plaintiffs presumably infer that certain of GPM's subscribers reside in the Central District of California, and that certain acts of infringement have occurred in this District. Even if Plaintiffs had sufficiently pleaded these allegations—which they have not—such allegations are insufficient to establish that that Google "expressly aimed" its activities relating to GPM to this District, and, accordingly, that venue is proper here.

As Plaintiffs are themselves aware, Google operates one of the largest digital music stores in America – and the world. (ECF No. 20 (FAC) ¶ 27) (noting GPM has a catalog of more than 40 million tracks for sale in the United States). Indeed, Google has more than two million subscribers throughout the United States— undoubtedly including customers residing in this District—and is available in 63 countries worldwide (Bilinski Decl. ¶ 5). But the mere fact that certain GPM customers reside or may have downloaded or streamed music in this District is insufficient to satisfy the express aiming requirement and subject Google to jurisdiction here. *See, e.g.*, *Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008) (sale into the forum is not a substantial contact where it "involved the forum state only because that is where the purchaser happened to reside"); *Imageline, Inc. v. Hendricks*, No. CV 09–1870 DSF AGRX, 2009 U.S. Dist. LEXIS 71125, at *12 (C.D. Cal. Aug. 12, 2009) (C.D. Cal. Aug. 12, 2009) (no express aiming—or specific jurisdiction—where "Defendants' sales to California residents were not specifically directed contacts, but instead occurred only because the purchasers of Defendants' goods happened to reside in California"); *Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, No. 15-cv-02991-JST, 2015 U.S. Dist. LEXIS 137153, at *15 (N.D. Cal. Oct. 7, 2015) (online sales insufficient to satisfy express aiming requirement; "a sale into the forum is not a substantial contact where it 'involve[s] the forum state only because that is where the purchaser happened to reside'") (internal citations omitted); *cf. Walden*, 571 U.S. at 286 ("defendant's relationship

1   with a plaintiff or third party, standing alone, is an insufficient basis for

2   jurisdiction").

3       Indeed, courts have repeatedly held that a defendant operating an internet-

4   based service, like GPM, does not *itself* aim its conduct at a forum state simply

5   because users access the service from that state. *See, e.g., Brayton Purcell LLP v.*

6   *Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010) ("It is beyond dispute in this circuit

7   that maintenance of a passive website alone cannot satisfy the express aiming

8   prong.") (citing *Holland Am. Line Inc. v. Wartsila N. Am., Inc.* 485 F.3d 450, 460

9   (9th Cir. 2007)); *see also Advanced Tactical Ordnance Sys., LLC v. Real Action*

10  *Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) ("[T]he operation of an

11  interactive website does not show that the *defendant* has formed a contact with the

12  forum state.  And without the defendant's creating a sufficient connection (or

13  'minimum contacts') with the forum state itself, personal jurisdiction is not proper."

14  (emphasis in original)); *Gullen v. Facebook, Inc.¸* No. 15 C7681, 2016 U.S. Dist.

15  LEXIS 6958, at *7 (N.D. Ill. Jan. 21, 2016) (dismissing case for lack of personal

16  jurisdiction; "the fact that its site is accessible to Illinois residents does not confer

17  specific jurisdiction over Facebook").  That makes perfect sense.  Were the

18  opposite true, every national business would be subject to specific jurisdiction in

19  California, rendering the concept meaningless.

20      Moreover, GPM is not geographically "tethered to [the Central District of

21  California] in any meaningful way." *Walden*, 571 U.S. at 290.  Indeed, GPM is

22  completely portable—a user who creates an account in the Central District of

23  California (or anywhere else) can stream or download music to a wide range of

24  devices—including personal computers, tablets, smartphones—in any other state

25  (and, in some cases, in other countries).  (Bilinski Decl. ¶ 6).  This portability

26  further confirms that Google has not directed its actions specifically at this District.

27  *See Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) (portability of plaintiff's

28  injury insufficient to support assertion of personal jurisdiction over defendant).

In addition, Plaintiffs have not—and cannot—allege that Google expressly aimed its conduct relating to this litigation at the Central District of California. Indeed, Google is wholly indifferent to where its users download and stream music from GPM. The Central District of California is one of many geographic locations nationally (and internationally) where GPM is available, and Google did not specifically direct any of its activities relating to GPM to this District. (Bilinski Decl. ¶ 7). For example, there are no special features for residents of this District; no special content tailored to users who live in this District; no advertising specifically aimed at this District; and no particular reason GPM is available in this District other than that Google has made the service available everywhere in the United States. (*Id.*).

Nor is there anything about GPM—or its marketing and promotion—in this District that is any different than GPM elsewhere in the United States; it is merely one of several small markets for GPM, and Google promoted and made it available here in the same manner it did across the country. (*Id.* at ¶ 8). Further, there are no Google employees who have worked on the GPM product located in this District (*Id.* at ¶ 9), nor do any Google employees here work on the GPM product. (*Id.* at ¶¶ 10-12). Accordingly, any contacts between Google and GPM users who happen to be in this District cannot support specific jurisdiction, because they involve "no deliberate actions by [Google] to target or direct itself to [this district]." *Advanced Tactical Ordinance Sys.*, 751 F.3d at 803; *see Bubble Genius LLC v. Smith*, No. CV 15-0066 PA (FFMX), 2015 U.S. Dist. LEXIS 93492, at *12 (C.D. Cal. July 17, 2015) (sale of products online to California residents does not mean that defendant has "purposefully directed sales . . . in a sufficient manner to allow [it] to be sued over those sales in [in this District").

Because Google did not aim its conduct to this District, the *Calder* test—along with the first prong of the Ninth Circuit's specific jurisdiction analysis—fails on this basis alone.

1
2

### ii. Google Did Not Cause Foreseeable Harm in the Central District of California.

3      Plaintiffs also fail to meet their burden to show Google purposefully directed
4 its activities to this District because Google did not "cause[] harm that it knew was
5 likely to be suffered in the forum." *Premier Fabrics*, 2018 WL 6164766, at *6
6 (internal citations omitted). "The touchstone of this requirement is…its
7 foreseeability." *Id*.

8      As discussed *supra* § I(B)(1)(i), Google did not specifically direct any of its
9 activities to this District. Accordingly, there is nothing to suggest that Google
10 would—or could—reasonably foresee that any alleged harm would have occurred
11 here, nor have Plaintiffs pleaded any facts that would suggest otherwise. *See*
12 *Imagine*, 2009 U.S. Dist. LEXIS 71125, at *13 ("[T]here is no evidence that
13 Defendants, residents of Washington, would reasonably know that Plaintiff, a
14 Virginia corporation, would be likely to suffer harm in California as a result of the
15 allegedly infringing behavior such that Defendants would be subject to a lawsuit in
16 California"). The first prong of the Ninth Circuit's specific jurisdiction test
17 therefore fails.

18
19

### 2. Google's Activities in the Central District of California Did Not Give Rise to Plaintiffs' Allegations.

20      Plaintiffs additionally fail to meet their burden with respect to the second
21 prong of the Ninth Circuit's specific jurisdiction analysis because their claims do
22 not "arise[] out of or relate[] to" Google's activities in the Central District of
23 California. *Schwarzenegger*, 374 F.3d at 802.

24      This case centers on Plaintiffs' allegations that Defendants infringed
25 Plaintiffs' copyrighted musical works by distributing them without a license. *See,*
26 *e.g.*, ECF No. 20 (FAC) at ¶¶ 6-10. Google has no suit-related contacts in this
27 District, nor did it purposefully direct any of its activities here. Indeed, Google
28 undertakes *no* relevant activities in this District that relate to the claims Plaintiffs

- 10 -

1    bring in this case.  (Bilinski Decl. ¶¶ 6-12).  In addition, as discussed *infra* § II(B),

2    the underlying transactions at issue in this case—*e.g.*, the negotiation and execution

3    of licenses for musical works made available on GPM—took place entirely outside

4    the Central District of California. (Declaration of Waleed Diab ("Diab Decl.") ¶¶ 7-

5    15).  Accordingly, the second prong of the Ninth Circuit's specific jurisdiction test

6    also fails.

7    **II.    ALTERNATIVELY, THE COURT SHOULD TRANSFER THE CASE**

8    **TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28**

9    **U.S.C. § 1404(A) OR 28 U.S.C. § 1406(A).**

10   There is undeniably a more convenient forum for adjudicating this dispute.

11   If the Court declines to dismiss this action, it should nonetheless transfer the case

12   on *forum non conveniens* grounds to the Southern District of New York, where this

13   case could—and should—have been filed.   "There are two distinct grounds on

14   which parties may seek to change venue in federal courts."   *Multistate Legal*

15   *Studies, Inc. v. Marino*, No. CV 96-5118 ABC (RNBx), 1996 U.S. Dist. LEXIS

16   20752, at *29 (C.D. Cal. Nov. 4, 1996).  Pursuant to 28 U.S.C. § 1404(a), "[f]or the

17   convenience of parties and witnesses, in the interest of justice, a district court may

18   transfer any civil action to any other district or division where it might have been

19   brought . . . ."   Moreover, when venue is improper, a court may transfer a case

20   pursuant to 28 U.S.C. § 1406(a) "in the interest of justice."

21   "In deciding a motion to transfer, the Court must consider the following three

22   factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and

23   (3) the interests of justice."   *In re Yahoo! Inc*., No. CV07-3125CAS(FMOX), 2008

24   U.S. Dist. LEXIS 20605, at *4 (C.D. Cal. Mar. 10, 2008); *see Pfeifer v. Himax*

25   *Techs., Inc*., 530 F. Supp. 2d 1121, 1123 (C.D. Cal. 2008) ("A court ruling on a

26   motion to transfer must balance the convenience of parties and witnesses, and the

27   interests of justice.").  In analyzing the "interests of justice," a number of factors are

28   relevant, including: "(1) the location where the relevant agreements were negotiated

- 11 -

DEFENDANT'S MEMORANDUM ISO MOTION TO DISMISS OR, IN THE, ALTERNATIVE, TRANSFER
VENUE TO SOUTHERN DISTRICT OF NEW YORK, CASE NO. 2:19-CV-07952-FMO-MAA

and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Ferrick v. Spotify United States*, No. CV 15-09929 BRO (RAOx), 2016 U.S. Dist. LEXIS 197696, at *5-6 (C.D. Cal. Oct. 26, 2016) (quoting *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498-99 (9th Cir. 2000)).  "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Id*.

Here, the convenience of the parties and the witnesses weigh squarely in favor of transfer, as do all of the most significant "interests of justice" factors.  Any remaining interests of justice factors are largely neutral. No factor favors Plaintiffs' choice of forum.

**A.      Plaintiffs Could Have Brought the Action in the Southern District of New York.**

The determination of a proper forum where the action "might have been brought" requires that subject matter jurisdiction and venue be proper in the transferee forum and for the defendant to be subject to personal jurisdiction.  *See id*.

Subject matter jurisdiction exists the Southern District of New York because Plaintiffs' causes of action arise under the Copyright Act of 1976, 17 U.S.C. §§ 101, 106, 115, 501, 602 *et seq*.; thus, the Southern District of New York has original subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331.  And Google does not contest—for the limited purposes of defending the claims in this case—whether personal jurisdiction and venue are proper in the Southern District of New York for the claims asserted in this litigation.

### B.      The Southern District of New York Is a Far More Convenient Forum for the Parties and Witnesses.

The Southern District of New York is a far more convenient forum than the Central District of California.  First, the crux of this litigation concerns Plaintiffs' allegations that Defendants infringed Plaintiffs' copyrighted musical works by distributing them without a license.  (ECF No. 20 (FAC) at ¶¶ 6-10).  Google operates its music licensing group out of New York City, and any witnesses or document that may be relevant to this litigation are therefore located there.  (Diab Decl.  ¶ 8).

In addition, Google's relationship with the Orchard—the only content distributor named in this action—is governed by a content license agreement that ██████████████████████████████████████████████████████ ███████████████████████████████████████████████████[1]  (*Id.* at ¶¶ 13-14 & Ex. A).  The Orchard is headquartered in New York City, and it has no offices in—nor any other meaningful contacts with—the Central District of California. (*Id.* at ¶ 15; *see also* ECF No. 51 (Orchard Motion to Dismiss) at pp. 1, 6-14).  Thus any relevant documents and witnesses are necessarily located in the Southern District of New York—not in this District. (*Id*.).

Litigating in New York would also be more convenient and cost-efficient for the parties.  The key activities at issue in this lawsuit—Google's acquisition of musical content from the Orchard, and the licensing and distribution of such content on GPM—are performed exclusively by employees of Google or The Orchard in New York City.  (Diab Decl. at ¶¶ 7-15).  Accordingly, the vast majority of party witnesses likely to be noticed for deposition in this case would have their depositions taken in New York—where both Google and the Orchard *and*

---

[1] In particular, Section 3(b)(ii) of this agreement, titled "████████████████████████", provides that the Orchard "████████████████████████████████████████████ ████████████████████████████████████████████████████████"

Plaintiffs' counsel are located.

In addition, the Southern District of New York is a far more convenient forum for the witnesses—a factor that weighs heavily in favor of transfer. *See Amini Innovation Corp. v. JS Imps., Inc*., 497 F. Supp. 2d 1093, 1111 (C.D. Cal. 2007) ("The convenience of witnesses is often the most important factor in determining whether a transfer pursuant to § 1404 is appropriate.")  All of the employees of Google and The Orchard who may have information relevant to this litigation—at least some of whom are likely to be called as witnesses in this action—are based in New York City, along with critical documents and evidence relevant to this litigation.  (Diab Decl. ¶¶ 7-15).  This fact alone strongly weighs in favor of transfer here.

## C.    The "Interests of Justice" Favor Transfer to Southern District of New York.

Here, transfer to the Southern District of New York would promote the "interests of justice," most significantly because transfer would allow this Court to bypass thorny questions of personal jurisdiction and venue as to both Google and The Orchard.  Moreover, plaintiffs' choice of forum is due little deference given that the Central District of California lacks any significant connection to the activities alleged in the FAC.  Finally, the remaining relevant interests of justice factors all militate in favor of transfer.

### 1.    Transfer Promotes Judicial Efficiency by Bypassing Difficult Questions of Personal Jurisdiction and Venue.

"[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'"  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 585 (1999)).  This "leeway" promotes judicial efficiency by allowing a court to take whatever it thinks is the "less burdensome course" in disposing of a case.  *Id.* at 436.  Thus, "[c]ourts have repeatedly held that a change

1  of venue from a forum where there is a difficult question of personal jurisdiction or

2  venue to a district where there are not such uncertainties serves the interest of

3  justice." *Multistate Legal Studies*, 1996 U.S. Dist. LEXIS 20752, at *33 (collecting

4  cases).

5        Google contends that this Court can readily conclude that venue in this

6  District is improper because neither Google nor The Orchard is subject to personal

7  jurisdiction in the Central District of California.  *See supra* §§ I, II(B); *infra*

8  § II(C)(1).  But to the extent this Court finds that "there are substantial questions as

9  to whether. . .venue is proper in the Central District of California," *id.*, the Court

10  can avoid a "difficult question" simply by transferring the case to the Southern

11  District of New York.  Transfer avoids the need for both the parties and the Court to

12  "expend substantial efforts to resolve preliminary issues," which "will consume

13  time, energy and resources of all involved . . . ."

14        Moreover, even if the Court found that venue were proper as to Google,

15  venue is undoubtedly improper as to The Orchard because this forum lacks personal

16  jurisdiction over the Orchard.  (ECF No. 51 (Orchard Motion to Dismiss) at pp. 5-

17  14).  The case could therefore remain in this District only if the Court severed the

18  Orchard from the case and transferred Plaintiff's claims as to the Orchard to an

19  appropriate district—the Southern District of New York, where The Orchard

20  maintains its principal place of business.  *See id.*

21        Severance should be disfavored under these circumstances, however, because

22  The Orchard is an indispensable party to this litigation.  As detailed above, the

23  Orchard is the only content distributor named in this action; it is the party

24  ███████████████████████████████████████████████████████; and it

25  possesses critical evidence regarding Google's key defenses.  *See, e.g.*, *Flynn v.*

26  *Greg Anthony Construction Co., Inc.*, 95 Fed. App'x 726, 739 (6th Cir. 2003)

27  (district court abused its discretion by dismissing the claims against some

28  defendants while transferring the remainder of the action, because the transferee

forum had the most significant connections to the case and had personal jurisdiction over all of the defendants); *Sunbelt Corp. v. Noble, Denton & Assocs., Inc*, 5 F.3d 28, 33-34 (3d Cir. 1993) (courts "should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places."); *Jewell v. Music Lifeboat*, 254 F. Supp. 3d 410, 422-23 (E.D.N.Y. 2017) ("[S]evering the claims and litigating the case piecemeal is disfavored when: (1) there is a venue that would be proper for all the defendants in which the entire case could be litigated at once . . . and (2) the claims and parties are intertwined, as they are here, and the same issues and witnesses, who are located in both forums, are involved.")  This action cannot proceed without The Orchard—a necessary and indispensable party— and thus should proceed in the Southern District of New York, where there is personal jurisdiction over all necessary parties.

### 2. The Deference Accorded to Plaintiff's Choice of Forum Is "Substantially Reduced"

Although a plaintiff's choice of forum is generally accorded deference, that deference is "substantially reduced" when, as here, "the forum lacks a significant connection to the activities alleged in the complaint," *Unicolors* 2016 U.S. Dist. LEXIS 21968, at *8 (internal citations omitted).

"[C]ompared to New York," the Central District of California "lacks a significant connection to the activities alleged in" the FAC. *Id.* Although Plaintiffs assert in a conclusory fashion that Defendants "committed unlawful acts of infringement" in this District, (ECF No. 20 (FAC) ¶ 43), Plaintiffs fail to allege *any* facts detailing why venue is proper in this District. To the contrary, the operative facts underlying Plaintiffs' claims—namely, Google's acquisition of musical content from Orchard, and the licensing and distribution of such content on GPM— occurred in New York. *See* Diab Decl. ¶¶ 8-15. Accordingly, Plaintiffs' choice of forum should be accorded little weight. *See Lou v. Belzberg*, 834 F.2d 730, 739

1    (9th Cir. 1987) ("If the operative facts have not occurred within the forum and the

2    forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled

3    to only minimal consideration.").

4              **3.      The Remaining "Interest of Justice" Factors Favor Transfer**

5                        **or Are Neutral.**

6              As explained *supra* § II(B), the parties, witnesses, evidence, and information

7    relevant to Plaintiffs' allegations and critical to Google's defenses are most likely to

8    be located in the Southern District of New York.  (Diab Decl. ¶¶ 7-15).  Hearing

9    this case in New York would not only make it far easier to access witnesses and

10   sources of proof but would also reduce litigation costs accordingly.  *Jacob v. Rusk*,

11   No. CV 16-0825 FMO (JCx), 2016 U.S. Dist. LEXIS 189108, at *16 (C.D. Cal.

12   Nov. 9, 2016) (quoting *Park v. Dole Fresh Vegetables, Inc*., 964 F.Supp.2d 1088,

13   1095 (N.D. Cal. 2013)) ("Generally, litigation costs are reduced when venue is

14   located near the most witnesses expected to testify, and the convenience of

15   witnesses is often the most important factor in resolving a motion to transfer."

16   (citation omitted)).   The relevant witnesses and sources of proof for each of Google

17   and the Orchard are based in New York, and not in this District.  (Diab Decl. at ¶¶

18   8, 15; ECF No. 51 (Orchard Motion to Dismiss) at pp. 1, 13-18).  The ease of

19   access to sources of proof and the differences in the costs of litigation in the two

20   forums all militate in favor of transfer to the Southern District of New York.

21   *See, e.g., Unicolors, Inc*., 2016 U.S. Dist. LEXIS 21968, at *23 (transferring case

22   where there would be "greater 'ease of access to sources of proof'" and where

23   witnesses with knowledge of sale and distribution of allegedly infringing goods

24   were located in the Southern District of New York) (internal citations omitted);

25   *Softmaker Software GMBH*, 2011 U.S. Dist. LEXIS 134024, at *7-8 (transferring

26   case to forum where witnesses, non-party witnesses, and offices were located);

27   *Brackett v. Hilton Hotels Corp*., 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008) (noting

28   that in copyright infringement cases the "the bulk of the relevant evidence usually

comes from the accused infringer").

The respective parties' contacts with the forum and the contacts relating to the plaintiff's cause of action in the chosen forum further support transfer. *See id*. As explained *supra*, Google does not have sufficient minimum contacts with the Central District of California to support this Court's exercise of jurisdiction over it, nor is there personal jurisdiction in this District over The Orchard, an indispensable party to this litigation. *See supra* §§ I, II(C)(1). Moreover, "the cause of action has minimal ties to this District because [the relevant] mechanical licensing activities occur primarily in New York." *Ferrick*, 2016 U.S. Dist. LEXIS 197696, at *13.

Finally, the forum's familiarity with the governing law is a neutral factor because the Southern District of New York is just as familiar with adjudicating copyright infringement claims as this Court. *See ESPN, Inc. v. Quiksilver, Inc.,* 581 F. Supp. 2d 542, 551 (S.D.N.Y. 2008) (both California and New York courts "are familiar with federal copyright law and have substantial experience applying it"). Moreover, no docket congestion considerations favor the Central District of California over the Southern District of New York; to put it mildly, "neither court is lacking for work." *ESPN,* 581 F. Supp. 2d at 551.16.  Nor are any "administrative difficulties" tethered to docket congestion are likely to arise in either court. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. Of Texas*, 134 S. Ct. 568, 581 n.6.  In fact, the additional delays and obstacles attendant to obtaining evidence in the Central District of California, based on the location of the parties, witnesses, and other evidence, would readily offset any potential decrease in docket congestion in the Central District of California.

In short, there is no compelling reason to keep this action in the Central District of California, and the convenience of the parties and witnesses and the interest of justice overwhelmingly support the transfer of this case to the Southern District of New York.

## <u>CONCLUSION</u>

For the foregoing reasons, Google respectfully requests that the Court dismisses the Complaint as to Google for improper venue pursuant to Fed. R. Civ. Pro. 12(b)(3), or, in the alternative, transfer this action on *forum non conveniens* grounds to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).

Dated:        March 3, 2020                    Respectfully submitted,

                                               MAYER BROWN LLP
                                               JOHN NADOLENCO
                                               A. JOHN P. MANCINI
                                               OLENA V. RIPNICK-O'FARRELL


                                               By: */s/ John Nadolenco*
                                                    John Nadolenco

                                               *Attorneys for Defendant GOOGLE LLC*