| | |
|---|---|
| 1 | John Nadolenco (SBN 181128) |
| 2 | jnadolenco@mayerbrown.com |
|   | MAYER BROWN LLP |
| 3 | 350 South Grand Avenue, 25th Floor |
| 4 | Los Angeles, California 90071-1503 |
|   | Telephone: (213) 229-9500 |
| 5 | Facsimile: (213) 625-0248 |
| 6 | |
| 7 | A. John P. Mancini (*Pro Hac Vice*) |
|   | jmancini@mayerbrown.com |
| 8 | Olena V. Ripnick-O'Farrell |
|   | oripnick-ofarrell@mayerbrown.com (*Pro Hac Vice*) |
| 9 | |
| 10 | MAYER BROWN LLP |
|    | 1221 Avenue of the Americas |
| 11 | New York, NY 10021 |
| 12 | Telephone: (212) 506-2500 |
|    | Facsimile: (212) 849-5895 |
| 13 | |
| 14 | *Attorneys for Defendant GOOGLE LLC* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| FOUR JAYS MUSIC COMPANY, et al., | Case No. 2:19-cv-07952-FMO-MAA |
| Plaintiffs, | **DECLARATION OF WALEED DIAB IN SUPPORT OF GOOGLE'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK** |
| v. | |
| APPLE INC., et al., | |
| Defendants. | **HEARING DATE: APRIL 9, 2020** |
| | **TIME: 10:00 AM** |
| | **COURTROOM: 6D** |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

I, Waleed Diab, hereby declare as follows:

1. I am employed by Google as Director of North America Record Label Business Development, a role which I have held since November 2017. In this role, I am based in Google's New York City offices, and I am responsible for managing Google's North American record label business development and partnership efforts for major and independent record labels. Prior to this, from July 2017 until October 2017, I was employed by Google as its Head of North America Record Label Business Development, and from May 2016 until July 2017, I was employed as Google's Head of Major Label Business Development. For both of these roles, I was based in Google's New York City offices.

2. From April 2011 until April 2016, I was employed by Google as Senior Counsel for music in its New York City offices, where I was responsible for negotiating, drafting, and advising in connection with complex music licensing partnerships as well as helping set policies and guidelines that impacted music initiatives at Google. I was previously employed as Senior Counsel, Music Strategy & Relations, at MTV Networks, and I hold a Juris Doctor from Benjamin N. Cardozo School of Law, Yeshiva University.

3. I submit this declaration in support of Google's Motion to Dismiss for Improper Venue, or In The Alternative, Transfer Venue To The Southern District of New York.

4. I make this declaration on my own personal knowledge and, if called upon as a witness to do so, I could and would competently testify as to the matters set forth herein.

5. Google is a multinational technology company that is incorporated in Delaware and has a principle place of business in Mountain View, California.

6. One of Google's offerings is Google Play Music ("GPM"), an online music service that was launched in the United States in November 2011. GPM offers its users more than 40 million songs in a variety of genres.

7. Google licenses the musical compositions (and sound recordings) that are made available on GPM.

8. Google operates its music licensing group out of New York City. In particular, both the music publishing business development and RightsFlow teams, which are the teams responsible for negotiating and executing the licenses for certain of the musical compositions (and sound recordings) available on GPM, are located in Manhattan. Accordingly, any witnesses and documents from either of these teams that may be relevant to this litigation are necessarily located in New York City.

9. In addition, Google enters into content license agreements with record labels and content distributors that, in some instances, require ███████████ ████████████████████████████████████████████████████████████ ████████████████████████████.

10. On ███████████, Google entered into a content license agreement with the Orchard, the only content distributor named in this action. This agreement has remained in force at all times from ███████████, to the present.

11. The content license agreement between Google and the Orchard was negotiated by Google employees based in San Bruno—in the Northern District of California—and employees of the Orchard based in New York—in the Southern District of New York. No part of the agreement was negotiated or executed in the Central District of California.

12. A true and correct copy of the ███████████, content license agreement between Google and the Orchard is attached hereto as Exhibit A.

13. Section 3(b)(ii), titled "███████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████"

1 ███████████████████████████████████████████
2 ████████████████████████████████…"
3     14.    Accordingly, pursuant to the agreement between Google and the
4 Orchard, with respect to the GPM permanent downloads that the plaintiffs in this
5 case allege to be infringing, ████████████████████████████████
6 ████████████████████████████████.
7     15.    The Orchard is headquartered in New York City. It does not have an
8 office in the Central District of California. Accordingly, any witnesses and
9 documents that may be relevant to this litigation—in particular, witnesses and

*[remainder of page intentionally left blank]*

documents relating to the musical compositions alleged in this action and ███ ████████████████████████████████████████████ ██████████████████████ are necessarily located in New York City, in the Southern District of New York, and not in the Central District of California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 28th day of February 2020, in New York, NY.

_____
Waleed Diab