1  John Nadolenco (SBN 181128)
2  jnadolenco@mayerbrown.com
   MAYER BROWN LLP
3  350 South Grand Avenue, 25th Floor
4  Los Angeles, California 90071-1503
   Telephone: (213) 229-9500
5  Facsimile: (213) 625-0248

6
   A. John P. Mancini (*Pro Hac Vice*)
7  jmancini@mayerbrown.com
8  Olena V. Ripnick-O'Farrell
   oripnick-ofarrell@mayerbrown.com (*Pro Hac
9  Vice*)
10 MAYER BROWN LLP
   1221 Avenue of the Americas
11 New York, NY 10021
12 Telephone: (212) 506-2500
   Facsimile: (212) 849-5895
13
   *Attorneys for Defendant GOOGLE LLC*
14

15                **UNITED STATES DISTRICT COURT**
16                **CENTRAL DISTRICT OF CALIFORNIA**
17                         **WESTERN DIVISION**
18

19 FOUR JAYS MUSIC COMPANY, et al.,   Case No. 2:19-cv-07952-FMO-MAA
20             Plaintiffs,            **DECLARATION OF BRANDON BILINSKI IN SUPPORT OF**
21     v.                             **GOOGLE'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN**
22 APPLE INC., et al.,                **THE ALTERNATIVE, TRANSFER VENUE TO THE SOUTHERN**
23             Defendants.            **DISTRICT OF NEW YORK**
24                                    **HEARING DATE: APRIL 9, 2020**
                                      **TIME: 10:00 AM**
25                                    **COURTROOM: 6D**
26
27
28

DECLARATION OF BRANDON BILINSKI ISO GOOGLE'S MOTION TO DISMISS,
CASE NO. 2:19-CV-07952-FMO-MAA

I, Brandon Bilinski, hereby declare as follows:

1. I am employed by Google as a Group Product Manager. I am primarily based in Google's offices in Mountain View, California, and I have been employed as a Group Product Manager since May 2018. As a Group Product Manager, I am responsible for, among other products, Google Play Music. Prior to this role, I was a Senior Product Manager at Google for approximately ten years. During this time, my responsibilities as Senior Product Manager included Google Play Music. I have been responsible for Google Play Music since 2011.

2. I submit this declaration in support of Google's Motion to Dismiss for Improper Venue, or In The Alternative, Transfer Venue To The Southern District of New York.

3. I make this declaration on my own personal knowledge and, if called upon as a witness to do so, I could and would competently testify as to the matters set forth herein.

4. Google is a multinational technology company that is incorporated in Delaware and has a principle place of business in Mountain View, California.

5. One of Google's offerings is Google Play Music ("GPM"), an online music service that was launched in the United States in November 2011. GPM has more than two million subscribers in the United States, and it is available in 63 countries worldwide.

6. GPM is a completely portable service. It is not tied to any specific geographical location, and it can be accessed by users in other states (and, in some instances, countries) where it is available. A GPM user is able to create an account in one state and use the service on a wide range of devices—including personal computers, tablets and smartphones—in other geographic locations where GPM is available.

7. The Central District of California is one of many geographic locations nationally (and internationally) where GPM is available. Google did not specifically direct any of its activities relating to GPM to this district. For example, there are no special features for residents of the district, nor is there any special content tailored to users who live in the district. There has been no advertising specifically aimed at the district, and there is no particular reason GPM is available in the district other than Google has made the service available everywhere in the United States.

8. There is nothing about GPM—or its marketing and promotion—in the Central District of California that is any different than GPM elsewhere in the United States. The district is one of many small markets for GPM, and Google promoted and made GPM available in the district in the same manner it did elsewhere in the United States.

9. In addition, the Google employees who have worked on the GPM product are located primarily in Mountain View, California and in New York City. Historically, approximately two thirds of the GPM team was based in Mountain View and the remaining one-third was based in Google's New York City office. More recently, approximately half the team is located in San Bruno, California, and the remaining team members are evenly split between Mountain View and New York City.

10. The team in Mountain View has generally been responsible for ingesting music for GPM from labels and content aggregators. None of this work has been undertaken in the Central District of California.

11. The New York City GPM team has been responsible for music licensing; music and artist recommendations; and content programming. None of this work has been undertaken in the Central District of California.

12. The only Google employees based in the Central District of California whose work relates to music are two attorneys, neither of whom worked on the GPM product, and both of whose communications with the company are privileged. Google's other employees in the Central District of California do not work on the GPM product.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 3 day of March, 2020 in Mountain View, California.

Brandon Bilinski