SCOTT A. EDELMAN, SBN 116927
  sedelman@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
2029 Century Park East
Suite 4000
Los Angeles, CA 90067-3026
Telephone: 310.552.8500
Facsimile: 310.551.8741

GABRIELLE LEVIN, *pro hac vice*
  glevin@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Attorneys for APPLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUR JAYS MUSIC COMPANY and JULIA RIVA,<br><br>              Plaintiffs,<br><br>       v.<br><br>APPLE INC., GOOGLE LLC, THE ORCHARD ENTERPRISES, INC., ORCHARD ENTERPRISES NY, INC., and CLEOPATRA RECORDS, INC.,<br><br>              Defendants. | CASE NO. 2:19-cv-07952-FMO-MAA<br><br>~~[PROPOSED]~~ **PROTECTIVE ORDER FOR THE TREATMENT OF CONFIDENTIAL INFORMATION**<br><br>**[DISCOVERY MATTER]**<br><br>Judge:      Hon. Fernando M. Olguin |

## 1.    INTRODUCTION

       1.A    <u>Purposes and Limitations</u>. Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use

extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

      1.B   <u>Good Cause Statement</u>. The parties anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of this litigation. To expedite the production of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery material, to adequately protect information the parties are entitled to keep confidential, to ensure that only the materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of confidential discovery material in preparation for and in the conduct of this litigation. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

      1.C   <u>Acknowledgement of Procedure for Filing Under Seal.</u> The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

      There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper

evidentiary support and legal justification, must be made with respect to Protected Information that a Party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not — without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable— constitute good cause.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2. DEFINITIONS

2.1 <u>Action</u>: this lawsuit, captioned *Four Jays Music Co. et al. v. Apple Inc. et. al.*, NO. 2:19-cv-07952-FMO-MAA.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information that is non-public and (i) concerns or relates to proprietary commercial or business information, including, but not limited to, trade secrets, financial data, pricing information, contracts and agreements, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information; (ii) must be held confidential to protect personal privacy interests; (iii) was obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (iv) the producing party is under a legal obligation to maintain as confidential; (v) constitutes or reflects commercial agreements, settlement agreements or settlement communications; and/or (vi) the producing party or non-party in good faith believes is subject to a compelling need for privacy.

2.4    "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items: information that qualifies as "CONFIDENTIAL" information, and contains extremely sensitive information, the disclosure of which to another party would create a risk of competitive injury, including but not limited to: (i) marketing, financial, sales, web traffic, research and development, or technical, data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a Non-Party pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) trade secret, or other confidential research and development information; and (v) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

Gibson, Dunn &
Crutcher LLP

2.6     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, tangible things, physical objects, written discovery responses, responses to requests for admission, testimony, transcripts, data, or other information and/or materials), that are produced or generated in disclosures or responses to discovery in this Action.

2.7     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an Expert witness or as a consultant in this Action.

2.8     <u>In-House Counsel</u>: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a  Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff (e.g., attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers and litigation support personnel).

2.11    <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, and consultants.

2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and

Gibson, Dunn &
Crutcher LLP

their employees and subcontractors.

2.14  <u>Protected Information</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

2.15  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.  SCOPE

The protections conferred by this Order cover not only Protected Information (as defined above), but also (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries or compilations of Protected Information; and (3) any testimony, conversations or presentations by Parties or their counsel that might reveal Protected Information.

The Parties agree that this Order does not address the production of source code (including source code and source code listings, object code and object code listings, executable code and similar sensitive software code, whether in electronic or printed form).  Should such source code be identified for production, the Party requesting the source code will provide notices to all other Parties before engaging the Producing Party in negotiations regarding a source code protective order and all Parties will collectively negotiate a protective order governing the production of source code.

Nothing in this Order shall limit any Producing Party's review, use or disclosure of its own Protected Information in any manner that it deems appropriate.

## 4.  DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect, except as to materials for which the Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and

Gibson, Dunn & Crutcher LLP

exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED INFORMATION**

        5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

        If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

        5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

        Designation in conformity with this Order requires:

        (a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" to each page that contains

Gibson, Dunn &
Crutcher LLP

Protected Information. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" legend to each page that contains Protected Information. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, the testimony may be designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY by any Party or Non-Party by making a statement orally to that effect on the record at any time during the deposition. Alternatively, within thirty (30) days of receipt of the final certified transcript of any deposition, any Party or Non-Party may request that the original and all copies of the deposition transcript, in whole or in part, be marked CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY. Confidential designations shall be made by notifying all parties in writing of the specific pages and lines of the transcript and/or portions of the recording that should be treated as Protected Information. In the case of a Non-Party witness, testimony can be designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY by a Party, the Non-Party witness or upon agreement of the Parties. All transcripts or recordings of depositions or other

pretrial proceedings shall be treated by default as CONFIDENTIAL – OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation or until written notice of a designation is received, whichever occurs first, unless otherwise agreed to by the Parties. Any portions so designated shall thereafter be treated in accordance with the terms of this Order. A court reporter taking and/or transcribing such deposition shall separately bind such portions of the transcript designated hereunder, and shall label such portions to clearly identify the designation provided.

In the event a deposition with Protected Information is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     <u>Upward Designation</u>. A party may upward designate (i.e., change any documents or other material produced without a designation to a designation of CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or change any Protected Information produced as CONFIDENTIAL to a designation of

CONFIDENTIAL – OUTSIDE COUNSEL ONLY) any Discovery Material produced by any other Party or Non-Party, provided that said Discovery Material contains the upward Designating Party's own Protected Information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c). Upward designation shall be accomplished by providing written notice to all parties identifying (by bates number or other individually identifiable information) the Discovery Material to be re-designated within sixty (60) days of production by the Producing Party. Failure to upward designate within sixty (60) days of production, alone, will not prevent a Party from obtaining the agreement of all parties to upward designate certain Discovery Material or from moving the Court for such relief. Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth herein regarding challenging designations.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. A Party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. and Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1] The Parties shall use their best efforts to resolve promptly and informally such disputes and shall advise one another of both the factual and legal basis for their respective positions. If an agreement cannot be reached, the Receiving Party may request that the Court cancel or modify a designation. The Receiving Party must certify in its request that it has engaged the Producing Party in the required informal effort to resolve the issue, and must include in its request the Producing Party's stated reasoning for the designation.

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/ honorable-maria-audero.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, until a determination by the Court, the Protected Information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## 7.    ACCESS TO AND USE OF PROTECTED INFORMATION

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Information that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Information may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 16 below (FINAL DISPOSITION).

Protected Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

To the extent that any one of Defendants in this litigation provides Protected Information under the terms of this Order to Plaintiffs, Plaintiffs shall not share that material with the other Defendants in this litigation, absent express written permission from the producing Defendant.  This Order does not confer any right to any one Defendant to access the Protected Information of any other Defendant.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record;

Gibson, Dunn &
Crutcher LLP

(b) The former and current officers, directors, and employees (including In-House Counsel and in-house legal staff) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Technical advisers and their necessary support personnel engaged by Outside Counsel of Record for the Parties, subject to the provisions of Section 10 herein, and provided that such individuals have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Exhibit A. Subject to any applicable restrictions, said counsel shall retain each signed Exhibit A, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. The term "technical adviser" shall mean independent outside Expert witnesses, consulting Experts, or consultants (i.e., not employees of a Party) retained by Outside Counsel of Record who are deemed reasonably necessary to assist such counsel in connection with this litigation, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such advisor is not anticipated at the time of retention to become an officer, director or employee of a Party; (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Section 10;

(d) Professional Vendors engaged by Outside Counsel of Record, to the extent reasonably necessary to assist such counsel in connection with this Action, including but not limited to (i) legal translators retained to translate in connection with this action; (ii) independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; (iii) graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; (iv) non-technical jury or trial consulting services; (v) electronic discovery vendors retained to assist with the organization and management of electronic discovery; and (vi) private investigators, provided that such persons or entities have first been given a copy of this Order and have

executed the Confidentiality Agreement attached hereto as Exhibit A. Subject to any applicable restrictions, counsel shall retain each signed Exhibit A, and produce it to opposing counsel at the conclusion of the case;

(e)     Any fact witness during the course of a deposition;

(f)     The Court and its personnel, any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional stenographic reporters engaged to transcribe testimony (under seal or with other suitable precautions determined by the Court), and jurors; and

(g)     Any other persons as to whom all the parties in writing agree, provided that such persons have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Exhibit A.

7.4     Only those persons permitted to review Protected Information designated CONFIDENTIAL may attend depositions at which Protected Information designated CONFIDENTIAL is used or discussed.

7.5     A Receiving Party may disclose to mock jurors materials prepared by any Outside Counsel of Record that are derived from information or items designated CONFIDENTIAL, so long as the derivative materials do not include the as-produced information itself. Before a mock juror receives such information, the mock juror must first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Exhibit A. The mock juror to whom the Protected Information is disclosed shall not give, show, or otherwise divulge any of the information contained therein to any entity or person except as specifically provided for by this Order.

7.6     <u>Disclosure of "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" only to the persons or

Gibson, Dunn & Crutcher LLP

entities listed in paragraphs 7.2. (a), (c), (d), (e), (f), and (g), subject to any terms set forth or incorporated therein.

## 8. PROTECTED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If at any time documents containing Protected Information produced in this Action are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed must:

(a) give written notice thereof within five (5) business days to every Party or Non-Party who has produced such documents and to its counsel, and shall provide each such Party with an opportunity to object to the production of such documents;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Information may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

# 9. USE OF PROTECTED INFORMATION AT HEARING OR TRIAL

Once the case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

In the event that a Party intends to use any Protected Information on its direct case during any hearing or trial, that Party shall provide a minimum of two (2) business days' notice to the Producing Party. In the event a Party intends to use any Protected Information on cross-examination or in any other way during any hearing or trial, that Party shall provide sufficient notice to the Producing Party that an objection may be made and/or the use of the Protected Information may be shielded from public disclosure. Subject to challenges under Section 6, the parties will not oppose any reasonable request by the Producing Party that courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Information.

# 10. DISCLOSURE TO EXPERTS OR TECHNICAL ADVISERS

10.1    <u>Purpose</u>. Protected Information designated by the Producing Party and such copies of Protected Information as are reasonably necessary for maintaining, defending, or evaluating this litigation may be furnished and disclosed to the Receiving Party's Experts and/or technical advisers and their necessary support personnel.

10.2    <u>No Disclosure Without Protective Order Subscription</u>. No disclosure of Protected Information to an Expert or technical adviser or their necessary support

personnel shall occur until that person has signed the form attached hereto as Exhibit A.

10.3    Prior Notice of Intent to Disclose Protected Information to an Expert. A Party desiring to disclose Protected Information to an Expert shall also give prior written notice of the intended disclosure by email to all Outside Counsel of Record in the Action. The Producing Party shall have ten (10) business days after such notice is given to object in writing to the disclosure.   No Protected Information shall be disclosed to such Expert(s) until after the expiration of the foregoing notice period and resolution of any objection.

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED INFORMATION

If a Receiving Party learns that it has disclosed Protected Information to any person or in any circumstance not authorized under this Stipulated Protective Order, and pursuant to Federal Rule of Evidence 502(d) & (e), the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.   LIMITATIONS ON THE USE OF PROTECTED INFORMATION

12.1    Restrictions on Use of Protected Information. All Protected Information shall be held in strict confidence by each person to whom it is disclosed, shall be used only for purposes of the prosecution, defense, or settlement of this litigation, shall not be used for any other purpose, including, without limitation, any other business or competitive purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such Protected Information as herein provided.  All produced Protected Information shall be carefully maintained so

Gibson, Dunn &
Crutcher LLP

as to preclude access by persons who are not entitled to receive such Protected Information.

12.2    Secure Storage; No Export. Protected Information must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Information may not be exported outside the United States or released to any foreign national (even if within the United States).

12.3    Examinations and Court Filings Concerning Protected Information. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge.

(a)    Without in any way limiting the generality of the foregoing:

(i)    A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Information which has been produced by that Party and of which the witness has personal knowledge;

(ii)    A former director, officer, agent and/or employee of a Producing Party may be examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and

(iii)    Non-parties may be examined or testify concerning any Protected Information of a Producing Party, which appears on its face or from other documents or testimony to have been received from or communicated to the

Gibson, Dunn &
Crutcher LLP

1  Non-Party as a result of any contact or relationship with the Producing Prty or a
2  representative of the Producing Party.

3  (b)  Any person other than the witness, his or her attorney(s), or any person
4  qualified to receive Protected Information under this Order shall be excluded from the
5  portion of the examination or testimony concerning such Protected Information, unless
6  the Producing Party consents to persons other than qualified recipients being present at
7  the examination or testimony.  If the witness is represented by an attorney who is not
8  qualified under this Order to receive such Protected Information, then prior to the
9  examination or testimony, the attorney must provide a signed statement, in the form of
10  Exhibit A hereto, that he or she will comply with the terms of this Order and maintain
11  the confidentiality of Protected Information disclosed during the course of the
12  examination or testimony.  In the event that such attorney declines to sign such a
13  statement prior to the examination, the parties, by their attorneys, shall jointly seek a
14  protective order from the Court prohibiting the attorney from disclosing Protected
15  Information.

16  (c)  Every fact witness shall be informed at the start of a deposition that he or
17  she may be shown documents designated as Protected Information in this litigation, and
18  that such Protected Information and the contents therein are being furnished to the
19  witness solely for use in this litigation.  Every fact witness shall be shown a copy of this
20  Order.  No fact witness may retain any documents designated as Protected Information.

21  (d)  All transcripts of depositions, exhibits, answers to interrogatories,
22  pleadings, briefs, and other documents submitted to the Court that have been designated
23  as Protected Information shall be filed under seal unless the Court orders otherwise.  If
24  such documents can be redacted, then a redacted version for public viewing, omitting
25  only the portions of the document containing Protected Information, shall be filed.  A
26  Party that seeks to file under seal any Protected Information must comply with Local
27  Civil Rule 79-5.  Protected Information may only be filed under seal pursuant to a Court
28

18

Gibson, Dunn &
Crutcher LLP

order authorizing the sealing of the specific Protected Information at issue. If a Party's request to file Protected Information under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court. To avoid unnecessary sealing of Court records and motion practice relating to sealed filings, any Party preparing a filing with the Court that may contain Protected Information may identify to the Producing Party or Non-Party the specific Protected Information at issue and request a waiver of the confidentiality protections for that specific Protected Information. Upon receipt of such a request to waive confidentiality protections, the Producing Party or Non-Party shall respond in good faith within three (3) business days.

(e) Outside Counsel of Record for the Parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released, except by order of the Court, to Outside Counsel of Record, or as otherwise provided for hereunder.

(f) Protected Information shall not be copied or otherwise produced by a Receiving Party, except for transmission to persons qualified to receive Protected Information under this Order. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY into machine-readable form for incorporation into a

data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

(g)  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Order to receive or access Protected Information based on the designation of such Protected Information. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Information.

12.4  <u>Unauthorized Disclosure of Protected Information</u>.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately:  (i) notify in writing (by fax or email) the Producing Party of the unauthorized disclosure(s); (ii) use its best efforts to retrieve all copies of the Protected Information; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (iv) request that such person or persons execute the confidentiality agreement attached hereto as Exhibit A.  Compliance with this paragraph VI.D upon the discovery of an unauthorized disclosure of Protected Information is mandatory and shall not excuse a violation of this Order or exempt a violating party from sanctions pursuant to paragraph VI.E below.

12.5  <u>Violations</u>. If any Party violates the limitations on the use of Protected Information as described in this Section 12, any other Party may request that sanctions be ordered by the Court.  In the event motion practice is required to enforce the terms of this Order, and a Party is found by a Court to have willfully violated the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other

[PROPOSED] PROTECTIVE ORDER FOR THE TREATMENT OF CONFIDENTIAL INFORMATION
CASE NO. 2:19-cv-07952-FMO-MAA

Gibson, Dunn &
Crutcher LLP

proceedings resulting from the violation.

## 13. NON-PARTY USE OF THIS PROTECTIVE ORDER

13.1 <u>Purpose</u>. A Non-Party producing Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such Discovery Material as Protected Information pursuant to the terms of this Order.

13.2 <u>Non-Party Access</u>. A Non-Party's use of this Order to protect its Protected Information does not entitle that Non-Party access to the Protected Information produced by any Party or Non-Party in this case.

## 14. NO WAIVER OF PRIVILEGE

Nothing in this Protective Order shall require production of Discovery Material that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity, common interest doctrine, or other privilege, doctrine, right, or immunity (collectively "Privileged Information"). If Privileged Information is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any Party that inadvertently produces Privileged Information may obtain the return of those materials by promptly notifying the recipient(s) and expressly articulating the basis for the asserted privilege or immunity. The recipient(s) shall promptly gather and return all copies of the inadvertently produced Privileged Information to the Producing Party, or promptly certify in writing to the Producing Party that they have been destroyed and/or deleted. Notwithstanding this provision, Outside Counsel of Record are not required to delete inadvertently produced Privileged Information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business, provided such inadvertently produced Privileged Information is not used for any other purpose following counsel's receipt of the Producing Party's notice that the Privileged Information should not have been produced. Disputes regarding whether Discovery Material is discoverable shall be

resolved in the same manner as disputes regarding whether Discovery Material that has been produced qualifies as Protected Information, subject to the terms of this Order.

## 15. MISCELLANEOUS

15.1 <u>Waiver</u>. Any of the notice requirements herein may be waived, in whole or in part, but only in writing (including by fax or email) signed by the attorney-in-charge for the Party against whom such waiver will be effective.

15.2 <u>Inadvertent or Unintentional Production</u>. Inadvertent or unintentional production of documents or things containing Protected Information that are not designated as one of the categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the Producing Party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the Party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court. Compliance with this paragraph VIII.B shall not excuse a violation of this Order or exempt a violating party from sanctions pursuant to paragraph V.D above.

Any Party receiving such inadvertently unmarked Protected Information shall, within five (5) business days of receipt of the substitute copies, destroy or return to the law firm representing the Producing Party all copies of such mis-designated documents. Following any redesignation of material as Protected Information, the receiving such

Protected Information shall take reasonable steps to comply with the redesignation, including, without limitation, retrieving all copies and excerpts of any redesignated Protected Information from persons not entitled to receive it as re-designated.

15.2 <u>Communications with Testifying Experts</u>. Testifying Experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a Party and that Party's testifying Expert, and all materials generated by a testifying Expert with respect to that person's work, are exempt from discovery unless they relate to the Expert's compensation or identify facts, data or assumptions relied upon by the Expert in forming any opinions in this litigation and such information is not already disclosed in the Expert's report.

15.3 <u>Modification of Protections</u>. This Order is entered without prejudice to the right of any Party, either by agreement with other parties to this action, or by applying to the Court if agreement cannot be reached among parties, to extend additional protection, or to reduce or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to the Court, any Party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other Party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

15.4 <u>No Agreement Concerning Discoverability</u>. The identification or agreed upon treatment of certain types of Discovery Material does not reflect agreement by the parties that the disclosure of such categories of Discovery Material is required or appropriate in this action. The parties reserve the right to argue that any particular category of Discovery Material should not be produced.

15.5 <u>Section Headings</u>. The section headings used in this Order shall be intended for convenience only and shall not be deemed to supersede or modify any provisions.

Gibson, Dunn &
Crutcher LLP

15.5    <u>Interpretation, Enforcement and Continuing Jurisdiction</u>. The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding until the Designating Party agrees otherwise in writing or a Court order otherwise directs, except with respect to that Discovery Material that becomes a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Central District of California.

## 16.    FINAL DISPOSITION

Within sixty (60) business days after the entry of a final non-appealable judgment or order, or the expiration of the deadline for any Party to appeal any final judgment or order, each Party shall, at the option of the Producing Party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information.  All Protected Information not embodied in physical objects and documents shall remain subject to this Order.  In the event that a Party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed Party.  Notwithstanding this provision, Outside Counsel of Record are not required to delete Protected Information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, Outside Counsel of Record shall be entitled to maintain two (2) copies of all

pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any Protected Information designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY for archival purposes only. If a Party opts to destroy Protected Information designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY, the Party must provide a Certificate of Destruction to the Producing Party.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 9, 2020

MATTHEW F. SCHWARTZ
BRIAN S. LEVENSON
SCHWARTZ, PONTERIO & LEVENSON, PLLC

OREN S. GISKAN
GISKAN SOLOTAROFF & ANDERSON LLP

By:  /s/ *Matthew F. Schwartz*
        Matthew F. Schwartz

        Attorneys for PLAINTIFFS


SCOTT A. EDELMAN
GABRIELLE LEVIN
ILISSA SAMPLIN

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ *Scott A. Edelman*
        Scott A. Edelman

        Attorneys for APPLE INC.

PETER ANDERSON
SEAN SULLIVAN
ARLEEN FERNANDEZ

DAVIS WRIGHT TREMAINE LLP


By:  /s/ *Peter Anderson*
      Peter Anderson

      Attorneys for CLEOPATRA RECORDS, INC.


JOHN NADOLENCO
A. JOHN P. MANCINI
OLENA V. RIPNICK-O'FARRELL

MAYER BROWN LLP

By:  /s/ *John Nadolenco*
      John Nadolenco

      Attorneys for Defendant GOOGLE LLC


KENNETH L. STEINTHAL
JOSEPH N. AKROTIRIANAKIS

KING & SPALDING LLP

By:  /s/ *Kenneth L. Steinthal*

      Kenneth L. Steinthal

      Attorneys for Defendants THE ORCHARD ENTERPRISES, INC. and ORCHARD ENTERPRISES, NY, INC.

Gibson, Dunn &
Crutcher LLP

I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

By: /s/ *Scott A. Edelman*

Scott A. Edelman

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: April 10, 2020

_____

Honorable Maria A. Audero
United States Magistrate Judge

Gibson, Dunn &
Crutcher LLP

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Four Jays Music Company et al. v. Apple Inc. et al.*, CASE NO. 2:19-cv-07952-FMO-MAA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Gibson, Dunn &
Crutcher LLP